A. O. Cox *v.* BOARD OF SUPERVISORS OF LINCOLN COUNTY.

County Warrants — Liability of the County for, When in Hands of the Sheriff, Who Has Illegally Taken Them for Taxes and Paid the County.

Where the sheriff of a county, whose duty it is to collect the taxes, receives county warrants from tax-payers in settlement of their taxes, which were not by law receivable for taxes, and afterwards pays into the county treasury, out of his own money, the amount of the warrants so received, he thereby becomes the creditor of the county for that amount and can sue the county to recover same.

Board of Supervisors — Power to Issue Warrants.

The board of supervisors of a county has authority to issue warrants in settlement of the legal obligations of the county.

County Warrants — Payment of Taxes by — Board of Supervisors May Sue for Taxes Thus Paid.

The delivery of non-receivable county warrants to the tax-collector by tax-payers for their taxes, does not operate as a payment of taxes, though the sheriff may pay the amount in cash, and the county can proceed to enforce payment by the tax-payers, in accordance with law.

**County Warrants — Malfeasance — Tax Collector.**
> The sheriff and tax-collector is liable for malfeasance and nonfeasance; malfeasance in receiving non-receivable warrants, and nonfeasance in failing to collect that which ought to have been collected.

Suit by appellant, Cox, against the Board of Supervisors of Lincoln county. From a judgment sustaining a demurrer to his declaration and dismissing his suit plaintiff appeals.

The facts are stated in the opinion of the court.

APPEALED from Circuit Court, Lincoln county, J. B. CHRISMAN, Judge.

Reversed and remanded, May 30, 1881.

*Attorneys for appellant, R. H. Thompson, and A. C. McNair.*

*Attorneys for appellee, Sessions & Cassedy.*

Brief of Thompson & McNair:

The only question in this case arises on the action of the court in sustaining defendant's demurrer to the declaration. The question here is different from that in Beaman *v.* Leake Co., 42 Miss. 237. There it was a question of the power of the county to borrow money. Here the question is entirely different. In this case it appears that there were large amounts of county warrants outstanding, and that appellant, in the manner charged in the declaration, extinguished the debt of the county to the extent of the amount of warrants sued for, and the appellees, by an order on him, recognized the justness of appellant's claim.

The county, through its legal and proper authorities, having appropriated to its use the property of appellant, the question is, is she liable to him therefor?

The case of Crump *v.* Board of Supervisors, Colfax county, 52 Miss. 107, establishes the principle in this State that where express authority is conferred on the Board of Supervisors to incur a certain liability, and a person incurs it for the benefit of the county, and the county reaps the benefit, then that the county can be held responsible in *quantum meriut.* Allgood *v.* Hill, 54 Miss. 666.

Now, it appears that the warrants had been issued by the proper authorities of the county and were an outstanding indebtedness against it, for which the county was liable, and that appellant distinguished the indebtedness to that amount. Under the law, appellee certainly had a right and it was its duty to levy a tax to pay off this indebtedness. Code 1871, § 1363.

It occurs to me that this case comes within the rule laid down in the Crump case, and that the court erred. I will refer the court to the following authorities: People v. Albany, 15 Hud. (N. Y.) 225; Bright v. Suprs. of Chenango Co., 18 John. 241; 11 Iowa, 506; Dillon on Municipal Corp., Vol. 2, § 750, et seq.

Brief of Sessions & Cassedy:

The case is this: Cox was sheriff and tax-collector of the county for years 1874 and 1875. He collected in 1874 for the taxes of 1873, as he avers, in non-receivable county warrants, to the amount of $13,754.59; that this sum he paid to the county treasurer, and that he paid an equal sum in money of his own means. That the like character of transaction was had in reference to the taxes of 1874.

That during 1874 and 1875 he paid for the county a sum of money due its creditors, and extinguished liabilities of the county. It is averred that the county warrants he delivered to the treasurer were used by the county; exactly how they were used the declaration does not inform us. The only lawful use they could be put to after coming into the treasurer's hands was to cancel them, which would not be a use of them, but a destruction of them, and assumpsit would not lie in such case.

The cases cited by appellant have nothing to do with this case. Here the individual, Cox—not as Sheriff Cox, nor in the discharge of any official duty, but in violation of it, to the extent of receiving non-receivable county warrants in payment of county taxes—paid them to the county treasurer, who likewise had no authority as county treasurer to receive them, and who, in the reception of them, was not bound in his official capacity to account to the county for them; he incurred an obligation, if at all, to Cox, and he is the one to sue.

He and his sureties would be bound to the county only for a faithful administration of the public moneys, such as accrued

to and were paid to him under the general law providing for the raising of county revenue.

In a suit on the treasurer's bond for a misapplication of the county taxes paid to him it would be a complete answer to the demands of the county for him to show that he had faithfully accounted for all the county fund coming to his hands from taxation, and it would not be a good replication to this for the county to respond that one Cox paid, in addition to this county fund, a large sum of money of his own, and this you have embezzled or wasted and not devoted to paying off lawful claims against the county. The sureties could well say that our obligation extends only to public money, and not to the private funds of an individual.

If the county would have no remedy against the treasurer and his bondsmen for a misapplication of this money, then we say Cox has none against the county. The county could not have borrowed this money from Cox and incurred liability for it, and what it could not do directly, it could not be made to do by any indirect mode.

But if this be waived, the declaration shows it to have been a voluntary payment, and no recovery can be had.

Opinion.—Cooper, J.:

Appellant brought this action against the Board of Supervisors of Lincoln county to recover from the county the sum of $23,474.41. There are four counts in the declaration, the first of which charges that the plaintiff was in the year 1873 elected to the office of sheriff of said county for the term beginning January 1, 1874, at which time he entered upon the discharge of his official duties; that at the time of the beginning of his term there remained due and uncollected a large portion of the taxes for the year 1873, which was collected by him; that in making such collections he received from the tax-payers in warrants of the county, which were not by law receivable in payment of taxes, the sum of $13,784.39; that to make good the deficiency caused by his having received these warrants, he paid to the county treasurer the amounts of said warrants in cash, and also paid to him the warrants so collected, which were by the proper authorities of the county appropriated to the use and benefit of said county.

The second count states a like collection of taxes for the year

1874, to the amount of $9,690.02, in non-receivable warrants, and a like payment of both the warrants and an equal amount in money into the county treasury, and an appropriation thereof by the county authorities to county uses.

The third count is for money had and received by the county for the plaintiff; and the fourth is for money paid out and expended by him for the use and benefit of the county. The declaration concludes with an averment that the claim of the plaintiff had, before the institution of the suit, been presented to defendants, "who on the 10th day of March, 1880, by an order entered on their minutes, received and approved the claim, but refused to allow and pay the same." The defendants demurred to the declaration, because the payment was voluntary, and because the county could not, by express agreement, incur the obligation attempted to be enforced. The demurrer was sustained and the suit dismissed, and from this judgment the plaintiff appeals.

The facts stated in the first and second counts do not show a payment by the plaintiff to the creditors of the county of the debts represented by the warrants, or an extinguishment of the claims against the county. The plaintiff was the agent of the county to collect the taxes due it, which taxes were not payable in the warrants which the tax-payers held. The plaintiff, however, without authority of law, received the warrants, and thereby became liable to the county for the amount in cash. The delivery of the non-receivable warrants to the tax-collector by the tax-payers, it is true, did not operate as a payment of the taxes between them and the county, which might have proceeded to enforce payment according to law. But the collector was also liable for malfeasance and nonfeasance; malfeasance in receiving non-receivable warrants, and nonfeasance in failing to collect that which ought to have been collected. If, however, the tax-collector paid to the county the amount it was entitled to receive, he became the creditor of the county as to the debts evidenced by the warrants. Where warrants are receivable for taxes, their payment to the tax-collector by the tax-payer operates as a payment of the warrants by the county, because the debts evidenced by them are cancelled by the debt from the tax-payer to the county; after such payment the warrants in the hands of the tax-collector are not demands against the county, but are mere vouchers, showing the amounts for which he is entitled to credit in his settlement with

the county. But if the officer pays in cash the amount of the warrants, can it be said that the warrants are no longer existing claims against the county? It has received its money, all it was entitled to have; it has given nothing in discharge of its obligations, and they still exist. If the warrants were still in the hands of the tax-collector, he would, without question, have the right to enforce their payment. The surrender of them in the manner stated in the declaration did not relieve the county of its legal obligation to pay; and where that exists the board of supervisors have authority to issue warrants in settlement thereof.

*The judgment is reversed* and cause remanded, to be proceeded with in accordance with the views announced in this opinion.