MORITZ *v.* NICHOLSON, SHERIFF AND TAX COLLECTOR, *et al.**

(Division B. Jan. 25, 1926.)

[106 So. 762.   No. 25485.]

TAXATION. *Taxes not paid by tax collector taking check and delaying presentation till after bank's failure.*

Payment of taxes by check not being authorized by Code 1906, section 4319 (Hemingway's Code, section 6953), providing what shall constitute such payment, taxes are not extinguished by collector's acceptance of check therefor and failure to present it in a reasonable time before the bank had failed.

*Corpus Juris-Cyc. References; Bills and Notes, 8 C. J., p. 541, n. 29; Taxation, 37 Cyc., pp. 1160, n. 42; 1164, n. 62.

APPEAL from circuit court of Washington county.
HON. S. F. DAVIS, Judge.

Action by C. E. Moritz against L. M. Nicholson, Sheriff and tax collector, and others.  Judgment for defendants, and plaintiff appeals.  Affirmed.

---

*Truly & Truly,* for appellant.

The point in this case is: Did the appellee, by holding the check throughout the 16th, 17th, and until 1:50 P .M. on the 18th, release the appellant from liability on the check after the bank failed?

The general rule is that when a check is delivered to a drawee, who lives in the same town with the bank upon which the check is drawn, said drawee must present said check to the bank for payment not later than the close of business of the following day; if the bank is in another town, the check must be put in the mail not later than the close of the following business day.

Under this rule the appellee had until the close of business on 'March 17 to get this check in the bank, and when he failed to present it until the bank failed at 1:50 P. M. on March 18, the loss must fall on him and not on appellant. 7 Cyc. 977 and 978 and cases cited in the notes. Our own court passed on this point over eighty years ago in *Fortner* v. *Parham,* 2 S. & M. 151, and this case, so far as we have been able to discover, is still the law in this state. See, also, *Parker* v. *Reddick,* 3 So. 575; *Brown* v. *Schintz,* 202 Ill. 509, 76 N. E. 172; *Cos* v. *Citizens' State Bank,* 73 Kan. 789, 85 Pac. 762; *Holmes* v. *Rose,* 28 N. W. 864, 62 Mich. 199, 4 Am. St. Rep. 844; *Hamilton* v. *Winona Salt & Lumber Co.,* 54 N. W. 903, 95 Mich. 436; *Western Wheel Scraper Co.* v. *Sadilek,* 69 N. W. 765, 50 Neb. 105; 61 Am. St. Rep. 550; *Edmisten* v. *Herpolsheimer,* 92 N. W. 138, 59 L. R. A. 934, 66 Neb. 94; *Murphy* v. *Levy,* 50 N. Y. S. 682, 23 Misc. Rep. 147; *Lewis, Hubbard & Co.* v. *Montgomery Supply Co.,* 52 S. E. 1017, 59 W. Va. 75, 4 L. R. A. (N. S.) 132.

We have selected these cases from any number which might be cited; the list might be indefinitely extended but these cases serve to announce the correct rule.

See, also, section 186, Uniform Negotiable Instruments Act, section 2764, Hemingway's Code, which deals with the time within which a check must be presented.

*Watson & Jayne,* for appellee.

L. M. Nicholson is sued as sheriff and tax collector of Washington county, Mississippi, and being sued in his official capacity rather than as an individual, the authorities cited by appellant do not apply, as such authorities so cited by appellant all are applicable to dealings between individuals in the ordinary course of every day business.

By section 6953, Hemingway's Code, section 4319 Code of 1906, the legislature has provided what is receivable for taxes. Checks such as the one in question in this case are not receivable in payment of taxes by the tax collector, and if such tax collector does receive such a check from a taxpayer, he receives it simply as an accommodation to the taxpayer; and the taxes are not paid until such check has been paid. If never paid for any reason whatsoever, the taxes are likewise not paid; and the property against which the taxes are assessed stands liable for such taxes; and may be sold for the taxes for which the check was offered or even received by the tax collector. 37 Cyc., page 1160; 37 Cyc., page 1164 (IV) and cases cited Note 64.

The same rule applies as to drafts given in payment of taxes and also to promissory notes. *McWilliams, County Treasurer* v. *Phillips,* 51 Miss. 196; *Foote* v. *Brown,* 60 Miss. 155; *Jones* v. *Melchoir,* 71 Miss. 115, 13 So. 857; *Cox* v. *Lincoln County,* 2 Miss. (Dec.) 128. See, also, *Johns* v. *McKibben* (Ill.), 40 N. E. 449; *Moore* v. *Auditor General* (Mich.), 81 N. W. 561; *Houghton* v. *city of Boston* (Mass.), 34 N. E. 93; *Kootz* v. *Dist. of Columbia,* 42 Am. Rep. 278.

ANDERSON, J., delivered the opinion of the court.

The appellant, C. E. Moritz, brought this action in the circuit court of Washington county against appellee L. M. Nicholson, tax collector of said county, and the sureties on his official bond as such tax collector, under the

authority of section 4336, Code of 1906 (Hemingway's Code, section 6970), to recover the penalty provided by said statute for the unlawful sale by the appellee as such tax collector of appellant's land for its taxes after the taxes thereon had been paid. By agreement of the parties the cause was tried by the circuit judge acting both as judge and jury. From that judgment appellant prosecutes this appeal. The following facts were agreed on by the parties:

"(1)   That L. M. Nicholson, during all times mentioned in the pleadings, was the duly elected and acting sheriff and tax collector of Washington county, Miss., and that the American Surety Company and the United States Fidelity & Guaranty Company were surety companies authorized to do business in said state, and were the proper and legal sureties on his official bond as such sheriff and tax collector.

"(2)   That said C. E. Moritz, on March 16, 1921, during business hours, delivered to said L. M. Nicholson, sheriff and tax collector, his check on the Commercial Savings Bank of Greenville, Miss., for the sum of one hundred sixty-nine dollars and eighty-nine cents, in payment of taxes due on the property in question for 1920; the total amount due for said taxes, including damages and costs, amounting to one hundred fifty-five dollars. This check was received by the said sheriff and tax collector, was entered on his cash book, tax receipt No. 4449 issued and delivered to him, and the sum of fourteen dollars and eighty-nine cents excess refunded to plaintiff in cash. Said sum of fourteen dollars and eighty-nine cents was the same day, March 16, 1921, deposited to the credit of plaintiff by his agent in said Commercial Savings Bank.

"(3)   That said check to said sheriff and tax collector was presented to said bank for payment on March 18, 1921, during banking hours, but after it had closed at 1:50 p. m. and said bank went into the hands of a receiver on March 18, 1921, at 1:50 p. m.

"(4) That the balance to the credit of said C. E. Moritz in said bank on March 16, 1921, was nine hundred sixty-two dollars and twenty-three cents, and this amount. remained to his credit throughout the 16th, 17th, and 18th of March.

"(5) That on May 2, 1921, the board of supervisors, by order spread on its minutes in proper form, directed said sheriff and tax collector to sell said property on June 6, 1921, for nonpayment of taxes, after publication in due and legal form and for sufficient time, said sheriff and tax collector sold said property for the nonpayment of said taxes.

"(6) That said Commercial Savings Bank was not reorganized for business until June 8, 1921, after the day of the sale.

"(7) That Exhibits 1, 2, 3, 4, and 5 passed between the parties, their agents, or attorneys, relative to the subject-matter of this suit."

The statute (section 6970) under which the action was brought is in the following language:

"If a tax collector sell any land after he shall have received the taxes due thereon, he shall forfeit to the purchaser the money back and twenty-five per centum thereon, and to the owner three times the amount of taxes, who may severally recover the same on his bond and all damages sustained thereon."

Appellant's contention is that appellee, and not appellant, should suffer the loss caused by the failure of the bank on which appellant's check for taxes was drawn; that under the law appellee's delay in presenting the check to the bank for payment before the failure of the bank relieved appellant from the payment again of the taxes; in other words, that the taxes due by appellant on his land were legally paid, and appellee, as tax collector, therefore, had no right to sell it for its taxes.

On March 16, 1921, appellant gave appellee as tax collector his check on the Commercial Savings Bank of Greenville for the sum of one hundred sixty-nine dollars and eighty-nine cents, the amount necessary to pay the

state and county taxes on his land. The Commercial Savings Bank was located in the city of Greenville, which was also, the county site of Washington county. The Commercial Savings Bank and appellee's office as tax collector were therefore situated in the same city. Appellee accepted the check in full satisfaction and payment of appellant's taxes, and issued to him a tax receipt therefor in the usual form. The check was held by appellee throughout March 16th and 17th, and until after business hours on March 18th. After business hours on March 18th, the bank, being insolvent, was taken charge of by a receiver under the law. For that reason appellee could not realize on appellant's check.

Undoubtedly it is the law that generally, in the absence of special circumstances excusing delay (and there is no pretense of any excuse here), the reasonable time for presentment of a check on a bank where the person receiving the same and the bank on which it is drawn are in the same business community is not later than the next business day after it is received. *Fortner* v. *Parham,* 2 Smedes & M. 151; 7 Cyc. 977, 978. But that principle has no application to the facts of this case, because the check here was for the payment of state and county taxes. Section 4319, Code of 1906 (Hemingway's Code, section 6953), makes provision for what shall constitute a valid payment of such taxes. In substance, it provides that all legal tender money issued under the authority of the federal government shall be received in payment of taxes due the state, and such legal tender money and warrants drawn on the county treasury shall be received for county taxes.

The courts of this country generally hold, in fact, we know of no authority to the contrary, that, unless otherwise provided by statute, taxes are payable in money only; that the failure of the tax collector to present a check given him in payment of taxes resulting in its nonpayment because of the failure of the bank on which it is drawn does not have the effect to relieve the taxpayer; that the acceptance of a check by a tax collector for the

amount of the taxes of the drawer at most is only a conditional payment of the taxes; and that the taxes are not paid until the check is paid; and, if the check is never presented, or if presented it is dishonored, that the lien for the taxes on the property of the taxpayer continues; that in such case the tax collector accepts the check of the taxpayer for the convenience of the latter, and, if for any reason whatever, whether through fault of the tax collector of other cause, the check is never paid, the taxes and lien therefore continue. The principle is founded in public policy. It is for the security and preservation of the public funds. *McWilliams* v. *Phillips,* 51 Miss. 196; *Cox* v. *Lincoln County,* 2 Miss. Dec. 128; 37 Cyc. 1160, note 42; 37 Cyc. 1164, note 64; *Johns* v. *McKibben,* 156 Ill. 71, 40 N. E. 449; *Moore* v. *Auditor General,* 122 Mich. 599, 81 N. W. 561; *Houghton* v. *City of Boston,* 159 Mass. 138, 34 N. E. 93; *Koones* v. *District of Columbia,* 4 Mackey (15 D. C.) 54 Am. Rep. 278.

*Affirmed.*