Sunflower Compress Co. *v.* Clark *et al.*

(Division A. Nov. 14, 1932. Suggestion of Error Overruled Jan. 23,
1933.)

[144 So. 477. No. 30196.]

220

(Division A.  Jan. 23, 1933.)

[145  So.  617.  No. 30196.]

F. E. Everett and O. B. Townsend, both of Indianola, for appellant.

222

Frank E. Everett, of Indianola, for appellant.

Neill & Clark, of Indianola, for appellee.

Argued orally by **F. E. Everett**, for the appellant, and **A. B. Clark**, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

This is an appeal from a judgment sustaining a demurrer to a declaration and dismissing the plaintiff's suit.

The declaration is in two counts. The first count alleges, in substance, that the appellee Clark, at the time the matters here complained of occurred, was the sheriff and tax collector of Sunflower county, and that the appellee, the United States Fidelity & Guaranty Company, was the surety on his official bond; that the appellant owned property, situated in Sunflower county, on which taxes to the amount of nine hundred fifty dollars were

due; that on the 12th day of December, 1931, the appellee had on deposit with the Bank of Indianola, located in the city of Indianola and within one business block of the appellee's (Clark's) office, a sum of money exceeding nine hundred fifty dollars, and continued to so have until the bank failed and went into liquidation on December 16th thereafter; that, pursuant to ''the custom and usual way of paying taxes,'' the appellant delivered to the appellee Clark on the 12th day of December, 1931, its check for the amount of taxes due on its property, and received from him a tax receipt therefor, but that Clark failed to present the check for payment until after the bank had failed, resulting in the appellant having to again pay the taxes due on this property, because of which the appellant was damaged in the sum of nine hundred fifty dollars, for which it prayed for a judgment.

The second count alleges, in addition to the matters set forth in the first count, in substance, that the bank of Indianola was a legally designated and qualified depository for county funds; that it was Clark's duty to immediately deposit the check given to him by the appellant for the amount of its taxes in this county depository; and that, if he had so deposited it, the check would have been paid; but that he negligently failed to do so, resulting in the loss to the appellant of the amount of the check for which it prayed for a judgment.

Clark and the surety company joined in a single demurrer to the declaration. This demurrer was sustained, and, on the appellant's declining to amend its declaration, a final judgment was rendered denying it a recovery.

Under section 2842, Code 1930, a check must be presented for payment within a reasonable time after its issuance, in default of which the drawee must bear the loss occasioned thereby. ''In the absence of special circumstances excusing delay (and there is no pretense of any excuse here), the reasonable time for presentment of a check on a bank where the person receiving the same

and the bank on which it is drawn are in the same business community is not later than the next business day after it is received." Moritz v. Nicholson, 141 Miss. 531, 106 So. 762, 763.

The appellee admits that such is the general rule, but asserts that it has no application here, for the reason that taxes can be paid only in money, and therefore he was under no obligation to receive, or, after receiving it, to collect, the check, in support of which he relies on Moritz v. Nicholson, supra. That case did not and could not have so held; there being no such question there presented for decision. In that case the plaintiff had given the tax collector a check on a bank for the amount of his taxes, which check the tax collector negligently failed to present for payment before the bank on which it was drawn failed; and, the taxes which the plaintiff attempted to pay by means of this check not being thereafter paid, the tax collector sold the property for nonpayment of taxes. The plaintiff then sued the tax collector for the statutory penalty for selling property for taxes on which the taxes had been paid. The court held that this penalty could not be recovered, for the reason that the acceptance of the check by the tax collector was not a payment of the taxes, and therefore it became the duty of the tax collector to sell the land therefor. The liability vel non of the tax collector for the actual damages sustained by the drawer of the check, because of the delay in presenting it for payment, was not involved.

The appellee further asserts that the check was accepted by him as an accommodation to the appellant, and we will assume, but merely for the purpose of the argument, that the declaration so disclosed, and therefore he was merely a gratuitous agent in the matter, nevertheless the same result must follow. Such an agent is not held to the same degree of care and diligence that an agent for hire is, but he is liable to his principal if

he negligently and needlessly exposes his principal to loss. 2 C. J. 722; Moore v. Gholson, 34 Miss. 372; Lampley v. Scott, 24 Miss. 528. The declaration presents a prima-facie case of liability which the appellee must meet, if at all, by disclosing facts that relieve him of the charge of negligence.

The second count of the declaration presents no cause of action. Had the appellant's taxes been paid in money, or had the check given the appellee therefor been collected by him, his failure to deposit the money or the check in the county depository, if such was his duty, as to which we express no opinion, was no concern of the appellant, that being a question between the appellee and the county or other public body to whom he owed the duty of depositing public money in the county depository.

The demurrer, being to the whole declaration, and not to its separate counts, should have been overruled.

Reversed and remanded.

## On Suggestion of Error.

On suggestion of error. Suggestion of error overruled. For former opinion, see 114 So. 477.

**Smith, C. J.,** delivered the opinion of the court on Suggestion of Error.

The judgment of the court below herein was reversed on a former day of the present term, and a full statement of the case will be found in the opinion then rendered. 114 So. 477, 478.

The appellee now suggests that we erred in holding that the first count of the declaration stated a prima facie case of negligence on his part in failing to collect the check that was given him by the appellant. The suggestion of error proceeds on the theory that we based

the appellee's liability on section 2842, Code of 1930, and the opinion is susceptible of that interpretation. The damages for which the appellee is here liable, if any, are not such as that statute imposes, but are such only as are allowed at common law. This appears in the opinion in connection with the citation therein of 2 C. J. 722, and Moore v. Gholson, 34 Miss. 372.

When the appellee received the check he thereby assumed an obligation to collect it and apply the proceeds to the payment of the taxes due by the appellant, becoming thereby the appellant's agent for that purpose. This agency was something more than a mere gratuitous one, for the appellee himself had an interest in the purpose to be thereby accomplished. Moreover the appellant, after delivering the check to the appellee, became thereby obligated morally, if not legally, as to which we express no opinion, not to withdraw the money from the bank but to leave it there subject to the check. Had the appellee declined to accept the check, all the appellant would have had to do would have been to itself withdraw the money from the bank and apply it to the payment of its taxes. But even should we hold that the appellee was a mere gratuitous agent, nevertheless he will be liable to the appellant if it lost its money because of a failure by the appellee to exercise that degree of care and diligence to collect the check that he should have exercised. This is in accord with practically all of the authorities which hold, in effect, as set forth in section 599, A. L. I. Rest. Agency, Tentative Draft No. 7, that: "One who by a gratuitous promise or other conduct which he should realize will cause another reasonably to rely upon the performance of definite acts of service by him as the other's agent, causes the other to refrain from having such acts done by other available means, is subject to a duty to use care to perform such service or, while other means are available, to give notice that he will not perform." 2 C. J. 722, section 384; Lampley v.

Scott, 24 Miss. 528; Moore v. Gholson, 34 Miss. 372; Richardson v. Futrell, 42 Miss. 525.

The only difference between the liability of a gratuitous agent and one for hire is, as set forth in our former opinion, that a gratuitous agent is not held to the same degree of care and diligence that an agent for hire is. Authorities, supra. Moore v. Gholson is controlling here, for the agency there, as here, was for the collection of a debt due the principal. This conclusion is in accord with that reached by the Missouri court in Chouteau v. Rowse, 56 Mo. 65, and State ex rel. Clark v. Gates, 67 Mo. 139. But the question is so elementary that the citation of authority is unnecessary therefor.

The fact that we are deciding this case on the sufficiency of the facts alleged in the declaration to constitute negligence, and not on a request for a directed verdict either way on evidence disclosing such facts only as the declaration alleges, must not be overlooked. Negligence is an inference to be drawn from the facts in each case. If the facts are such that only one reasonable inference can be drawn therefrom, the question is for the decision of the judge; but if more than one reasonable inference can be drawn therefrom, it is for the decision of the jury under proper instructions. All we here decide is that, on the facts alleged in the declaration, it cannot be said as matter of law that no reasonable inference can be drawn therefrom other than that the appellee was not guilty of such negligence as rendered him liable to the appellant for the damages flowing to it therefrom. Whether the contrary inference, that is, that the appellee was guilty of such negligence, appears so clearly from the facts alleged as not to require its submission to the jury is not necessarily before us, and we express no opinion thereon.

The expression in our former opinion, that "in default of which [presentment of the check for payment within a

reasonable time the drawee must bear the loss occasioned thereby,'' may not be a correct interpretation of section 2842, Code of 1930, and should not have been used, for, as hereinbefore stated, the appellee's liability is that which the common law imposes.

The suggestion of error presents and argues a question not referred to, or in any way raised, on the former hearing, and that is that, conceding the personal liability of the appellee, Clark, his conduct was not such as renders his official bond liable therefor, and consequently the court below was correct in sustaining the demurrer as to his bondsman. As pointed out in the original opinion, only one demurrer was filed; both of the defendants joining therein. This demurrer contains no language submitting to the court the separate liability of the appellee and of his bondsman, and the rule in such cases is, that if the pleading demurred to is good as to one of the demurrants, the demurrer should be overruled as to both. Wherry v. Latimer, 103 Miss. 524, 60 So. 563, 642; 49 C. J. 433. We, of course, express no opinion on the separate liability of the appellee's bondsman.

Suggestion of error overruled.