SHUPTRINE *et al. v.* JACKSON EQUIPMENT & SERVICE Co.

(Division A. Dec. 4, 1933.)

[150 So. 795. No. 30882.]

L. Barrett Jones, of Jackson, for appellants.

Alexander, Alexander & Satterfield, of Jackson, for appellee.

466

**Smith, C. J.,** delivered the opinion of the court.

This is an appeal from a decree overruling a demurrer to a bill of complaint and was granted ''to settle the principles of the case.'' The propriety of the granting of the appeal is not challenged by the appellee.

The bill, in so far as is necessary to here state, alleges, in substance, that C. E. Shuptrine and C. F. Shuptrine, doing business as Shuptrine Construction Company, contracted with the state highway department for the construction of a highway, executing a bond with the New Amsterdam Casualty Company as surety thereon, and governed as to its conditions by section 5009, Code 1930, which provides ''for the prompt, faithful and efficient performance of the contract according to plans and specifications, and for the prompt payment of all persons furnishing labor, material, equipment and supplies therefor.''

The Shuptrine Construction Company sublet a portion of the work to Birdsong & Saunders. The complainants rented to Birdsong & Saunders, with the consent and approval of the Shuptrine Construction Company, ''a crane with a dragline equipment for use in such construction''

at an agreed rental of fifteen dollars per day, and the machine was so used by Birdsong & Saunders. This rental was not paid. The prayer is for a decree against all of these parties for the unpaid rental on the crane.

The demurrer was by the Shuptrine Construction Company and the New Amsterdam Casualty Company. In support thereof, it is said that the bond of the principal contractor, under the statute, does not cover labor and supplies furnished to a subcontractor of the principal contractor; that the subcontract is a private and not a public contract. The provision of the statute hereinbefore set out negatives this contention, and it was expressly so held in Oliver Construction Co. v. Dancy, 137 Miss. 474, 102 So. 568; Davis Co. v. D'Lo Guaranty Bank, 162 Miss. 829, 138 So. 802.

Again it is said that the bond does not cover the rental due by either the principal or subcontractors for equipment, i. e. the crane, furnished by the appellee with which to do the work. This court so held under chapter 217, Laws 1918, which obligated the sureties on such a bond to "make payments to all persons supplying labor or material" (section 1) for the work done. McElrath & Rogers v. Kimmons & Sons, 146 Miss. 775, 112 So. 164, 680. Section 5009, Code 1930, changed the words by which this liability is imposed for the purpose, most probably, of curing what the Legislature thought, in the light of this decision, was a defect in the statute, and makes the bond insure "the prompt payment of all persons furnishing labor, material, equipment and supplies" for such work. How far the word "equipment" renders the bond liable for expensive machinery purchased by the contractor with which to do the work contracted for, and which may be used thereafter for the same purposes under other construction contracts, is not now before us, and we express no opinion thereon, for if the word means anything, it must be held to include rental on such equipment for the time it is used under the contract.

It is said that the appellants waived this security given by the statute. This contention is based on the contract by which the crane was rented, which recites that:

This "lease and agreement made this 27th day of May, 1931, between Jackson Equipment & Service Company first party hereinafter called the owner, J. E. Birdsong and M. H. Saunders, second parties hereinafter called the lessors and Shuptrine Construction Company third party hereinafter called the surety.

"1. The owner agrees to lease to the lessors Koehring crane serial No. C 259 with dragline equipment for a period of one month, commencing on or before May 29th, and ending on or before June 29th, 1931, and the said lessors agree to pay as rental therefor the sum of four hundred fifty dollars ($450.00). As further assurance of the payment of said rental, the lessors hereby assign to the owner four hundred fifty dollars of the moneys due or to become due them for subcontract work now or hereafter performed by them under agreement with said Shuptrine, the surety hereunder, and hereby instruct and authorize said Shuptrine to pay said amount to said owner, it being the intent hereof that said indebtedness shall be paid, so far as lawfully proper, out of the first moneys so becoming due to said lessors. . . .

"5. The surety agrees, except as may be otherwise obligatory by law, to appropriate four hundred fifty dollars of the amounts due or to become due by him to the said lessors and so far as lawfully proper to appropriate the same from the first of such moneys due or to become due, and to pay same to the said owner under authority of this lease and agreement.

"6. The covenants of the lessors herein shall be considered as joint and several, obligating each in their entirety at the option of the owner."

At the expiration of this contract it was agreed by all the parties thereto, according to the allegations of the bill, that the crane should be continued to be used by Birdsong

& Saunders under the provisions of the contract. The agreement is not inconsistent with the statutory security, under which the appellee was entitled to look to the bond for the payment of the rental on the crane, and the Shuptrine Construction Company had the right, independent of the contract, to, pay the rental out of money due by it to Birdsong & Saunders. It simply added to this general right the specific right of paying the rental out of the first money to become so due, assuming for the purpose of the argument that a contract was necessary therefor.

Finally, it is said by counsel for the appellants that the bill alleges that the rental due and unpaid under this contract amounted to the sum of one thousand sixty-five dollars, without stating facts from which the amount of this liability can be determined. Assuming that such a defect can be reached by a demurrer, none such here appears. The bill alleges that the crane was used under the contract for one month and eleven days in addition to the thirty days originally provided for, and "that there became due and owing to the said Birdsong and Saunders by the said Shuptrine Construction Company sums in addition to such sums as were obligatory by law to be otherwise *raised* (this word being manifestly a clerical error) in excess of one thousand sixty-five dollars, the amount due for the rental of said equipment," for the recovery of which the bill prays. The rental for the crane for the time stated would be one thousand sixty-five dollars, and the appellee has the right to recover it on the bond. The allegation that "there became due and owing to the said Birdsong and Saunders by the said Shuptrine Construction Company sums in addition to such sums as were obligatory by law to be otherwise raised in excess of one thousand sixty-five dollars" was unnecessary and surplusage in so far as liability on the bond is concerned. Whether it affects the liability of the Shuptrine Construction Com-

pany is not presented by the demurrer, it being joint and not several. Wherry v. Latimer, 103 Miss. 524, 60 So. 563, 642; Sunflower Compress Co. v. Clark, 165 Miss. 219, 144 So. 477, 145 So. 617. But, aside from that, it has not been made to appear by counsel for the appellants that this liability could have been in any way lessened thereby.

Affirmed and remanded, with leave to answer within thirty days after the filing of the mandate in the court below.

Affirmed and remanded.