SUNFLOWER COMPRESS CO. v. CLARK et al.

(Division A. March 26, 1934. Suggestion of Error overruled April 1, 1935.)

[153 So. 823. No. 31133.]

See, also, 165 Miss. 219, 144 So. 477, 145 So. 617.

**Frank E. Everett**, of Indianola, for appellant.

Neill & Clark, of Indianola, for appellees.

**McGowen, J.,** delivered the opinion of the court.

This is a suit by the Sunflower Compress Company to recover from the sheriff and tax collector of Sunflower county, Clark, and the surety on his bond, the amount of a check which the sheriff failed to present to the bank before it closed for business, thereby causing loss to the

compress company. This is the second appearance of this case here, having been here on the pleadings in the case of Sunflower Compress Company v. Clark, 165 Miss. 219, 144 So. 477, 145 So. 617, wherein we held that the declaration in the case was good against demurrer.

After the reversal of the case, the lower court permitted Clark and the surety to file separate demurrers to the declaration. The court overruled the demurrer filed by Clark and sustained that of the surety company; thereupon the compress company amended its declaration, and more specifically alleged that the act of receiving the check was an official act by Clark as sheriff of the county. When the declaration was amended, the separate demurrers were again interposed, with like results. As between the compress company and Clark, there was a trial of the case on the merits; which resulted in a verdict for appellee Clark.

On the 12th of December, 1931, the Sunflower Compress Company had on deposit in the Bank of Indianola, two blocks from the sheriff's office, one thousand four hundred seventy-four dollars and ninety-nine cents. The compress company desired to pay its taxes then due, and presented to the sheriff and tax collector of the county a check on the Bank of Indianola for nine hundred fifty dollars, and received from him its tax receipts. Clark did not present the check to the Bank of Indianola, two blocks away in the same town, but on December 14th mailed this check to the Jackson State National Bank at Jackson, Mississippi, for deposit and collection. The Bank of Indianola was open for business on the 12th, 14th, and 15th of December, but on the morning of the 16th it did not open for business, and went into the possession and control of the state banking department, and since that date has not reopened. December 12th was Saturday.

At the time of the trial of the case on the facts, on September 18, 1933, the compress company had received

from the liquidation of the bank about eighty-eight dollars on its debt. The vice-president of the bank gave as his opinion that, if the assets of the bank were wisely administered, eventually the banking department ought to be able to pay the debts of the bank in full, provided the stock liability was collected from the stockholders.

As we view Clark's evidence, the only excuse or reason which he offered for not collecting the check was that he, for his own convenience, desired to have money on deposit in Jackson with which to make his settlements, as tax collector, with the state department. After the bank failed, Clark's successor in the office of sheriff and tax collector, in January following, required the Sunflower Compress Company to pay to him its taxes amounting to nine hundred fifty dollars.

1. It was not error for the court to permit Clark and his surety to refile separate demurrers on the docketing of the case in the court below after reversal here, and thereafter the compress company amended its declaration.

2. We are of opinion that the court below properly sustained the demurrer to the amended declaration that the act of Clark in receiving the check in payment of taxes, and his negligence in failing to present it for payment within a reasonable time, did not render him liable as an official of the county to a third person so dealing with him, and consequently his surety on his official bond was not liable. Brown v. Phipps, 6 Smedes & M. 51; Brown v. Mosely, 11 Smedes & M. 354; Furlong v. State, 58 Miss. 717. Both Clark and the agent of the Sunflower Compress Company in this transaction of the payment of taxes knew that section 3232, Code 1930, provided that only legal tender money and certain particular warrants could be received by the sheriff in discharge and payment of taxes due the government. Moritz v. Nicholson, 141 Miss. 531, 106 So. 762. The compress company, in undertaking to pay its taxes, knew that payment there-

of by check on a bank was not authorized by law, and in so doing it could not throw the risk of loss to itself on the surety on the sheriff and tax collector's bond. It had no right to rely thereon in so dealing. Let it be remembered that the county or state is not a party to this litigation, and of course a different result would be reached here if the state or county were demanding the loss sustained by reason of Clark taking a check in payment of taxes. There was no liability on the surety in this case.

3. The declaration in this case was considered in the former report, Sunflower Compress Company v. Clark, supra, and the conclusion was there reached that on the facts alleged there was liability. The proof in the case sustained every allegation of the declaration. Clark was liable as at common law for his breach of duty when he engaged with the compress company to present the check within a reasonable time and negligently failed to do so. His act in sending the check to another city, for his convenience, constitutes no defense whatever. We are of opinion that there is no question here but that Clark was liable personally for the amount of the loss.

In the court below the compress company requested, and the court refused, a peremptory instruction on liability and for the amount of the check, crediting thereon the cash payment which it had collected from the liquidator of the bank. We are of opinion that the instruction requested should have been granted both as to liability and as to amount. In this behalf appellee insists that the proof is not sufficient as to the amount of damage sustained by a failure to pay the check. We think the proof amply shows that the amount of the check was nine hundred fifty dollars, that it was not collected before the bank closed, and that thereupon, under the facts of this case, there being ample funds on deposit in the bank to the credit of the compress company with which to pay the check, the cause of action for the amount of the check arose when the bank went into liquidation; but,

if mistaken in this, it is certain that, when the compress company had to make good the amount of the check by a repayment of the taxes in January of the following year, then this cause of action arose and the amount of loss is not in dispute. The fact that the bank may hereafter pay dividends on the deposit of the compress company will not absolve or release Clark from his liability. Of course, if he pays the judgment rendered against him, to the amount so paid he will be subrogated in a proper proceeding to the rights of the compress company as against the bank. We express no opinion as to whether or not the credit of eighty-eight dollars should be allowed Clark, but, since the instruction allowed it at the instance of the compress company, no complaint can be made here on that account.

Reversed, and judgment here for appellant.