ARKANSAS FUEL OIL CO. *v.* TRINIDAD ASPHALT MFG. CO.

(Division B.   October 7, 1940.)

[198 So. 41.   No. 34215.]

Cowles Horton, of Grenada, Stone & Stone, of Coffeeville, Green & Green, of Jackson, and H. C. Walker, Jr., of Shreveport, La., for appellant.

Kimmons & Upchurch, of Water Valley, for appellee.

**Griffith, J.**, delivered the opinion of the court.

Appellee was the original contractor for the construction of a federal aid state highway known as Highway 54, and the particular work was designated as PWS 45, Part 2 of U. S. Road Program, the direct contract being with the Mississippi State Highway Department. One Russell was a subcontractor on the work, and during the performance of his part of it, he procured from appellant, tires, tubes, and gasoline which were used in and on the trucks employed in the performance of the road work under the stated contract.

The statutes applicable to contracts of the kind here in question, and particularly Section 5009, Code 1930, impose liability upon the original contractor to pay all persons who furnish labor, material, equipment or supplies for, and in the course of, the performance of the contract, and this includes material and supplies furnished to a subcontractor, as this Court has several times held. Shuptrine v. Jackson Equipment, etc., Co., 168 Miss. 464, 468, 150 So. 795; Oliver Const. Co. v. Dancy, 137 Miss. 474, 498, 102 So. 568, and others.

Appellee contends, however, that the declaration makes no mention of the statutory obligation or that the supplies were furnished for, and in the course of, the performance of a state highway contract, but that the allegations are as if a simple action on open account. The invoices filed as an amendment to the declaration

contained notations upon their faces which point to an averment that the supplies were furnished on a public highway contract; but if it be conceded that they do not, nevertheless testimony was admitted without objection which presented all the elements of the proof necessary to bring the case within the statute and the cited decisions. If there was a variance between the declaration and the proof, objection should have been made when the testimony aforesaid was offered, and it is too late to raise the question for the first time on appeal. Louisiana Oil Corp. v. Davis, 172 Miss. 126, 134, 158 So. 792.

Reversed and remanded.