PATTERSON, Justice:
This appeal arises from a judgment of the Circuit Court of the First Judicial District of Hinds County in favor of plaintiff-appellee, Carter Equipment Company, Inc., in an action against appellant, Trans-america Insurance Company, on its surety bond. The judgment was for an amount representing two months rent for one John Deere tractor with a “dozer” blade and “ripper” attachments furnished by appellee to the contractor, E. W. McLellan, doing business as McLellan & Randle, for use in performance of its contract with the State Highway Commission for construction of a segment of highway in Copiah County. Appellant, an insurance company doing business in Mississippi by virtue of a merger with American Surety Company of New York, assumed the obligations of American Surety Company of New York under a highway bond issued by that company guaranteeing faithful performance by McLellan & Randle of its contract with *633 the Highway Commission, and conditioned, as required by Mississippi Code 1942 Annotated section 8041 (1956) on payment to persons furnishing the contractor with labor, materials, equipment, and supplies.
Upon completion of its contract relating to this Federal Aid Project, final notice of acceptance and final settlement was published February 16, 1966, in the manner provided by Mississippi Code 1942 Annotated section 9016 (1956).
On August 18, 1966, John H. Moon & Sons, Inc. filed suit against the contractor McLellan and appellant insurance company seeking to recover for certain labor and materials allegedly furnished McLellan for use in the highway construction project. A judgment was rendered in that suit dismissing Moon’s claim with prejudice, and that claim is not involved in this appeal. However, Carter Equipment Company, ap-pellee, intervened in the action between Moon and appellant, alleging that it was in the business of selling and leasing road machinery and tractors, that it had furnished McLellan with a John Deere crawler-type tractor with attachments to be used in performance of his contract with the State Highway Commission, that McLellan so used the tractor and failed to pay for two months of its use. Appellee’s rent claim was based on invoices which were attached to its intervention petition.
Appellant surety company alleged affirmatively that it was not liable under its bond since the tractor and attachments were not specialized units or items, since there was no emergency leading to the rental of the equipment, and since the equipment should have been part of the contractor’s regular plant and the contract by its terms contemplated slope work, for which the tractor was used, at the time it was entered into. Appellant further contended that the contractor had in fact paid appellee the two months rent which appel-lee now claimed from appellant, alleging that appellee received sufficient sums in December 1965 to pay the invoices and that appellee applied the sums so received to the full payment of the invoices for the two months in question, but several months later reapplied the funds received to other accounts to the appellant’s detriment. Appellant also contended that there was no coverage afforded under its bond since ap-pellee furnished the tractor to the contractor under a lease and purchase agreement.
Appellee on the other hand contended that the tractor was equipped for a specialized use, having been specially equipped with “dozer” and “ripper” attachments for use in finishing slope work on the highway. Appellee urges that not all contractors have such specially equipped tractors because they are used only for certain types of jobs, and that McLellan & Randle ordered the tractor in question especially to suit this emergency need because its regular tractors were unsuited for the slope work required by the contract.
Relative to appellant’s second contention, appellee maintains that the $10,000 payment received from McLellan & Randle on December 8, 1965, on the open account, was not applied to payment of any particular invoices, but was simply deposited in the bank and entered initially as a simple temporary bookkeeping credit on the account. Neither McLellan & Randle nor anyone else, according to appellee, knew of the entry or changed their position in reliance thereon. In short, testimony for ap-pellee was to the effect that the bookkeeping credit was only temporary and that it did not consider the invoices as being paid in full.
After a hearing on the merits before the court without a jury, the trial court permitted recovery against appellant on its bond.
The appellant assigns as error that the lower court erred in finding that appellee’s claim was of the type protected by the bond and that appellee had not in fact been paid for the rent. We agree with appellant that appellee’s claim was not protected by the bond.
*634 Appellee cites Shuptrine v. Jackson Equipment & Service Company, 168 Miss. 464, 468, 150 So. 795, 796 (1933), as authority for the proposition that rental on such equipment was included in the coverage of public bonds. However, that case is readily distinguishable from the case at bar. The Court in that case said:
How far the word "equipment” renders the bond liable for expensive machinery purchased by the contractor with which to do the work contracted for, and which may be used thereafter for the same purposes under other construction contracts, is not now before us, and we express no opinion thereon, for if the word means anything, it must be held to include rental on such equipment for the time it is used under the contract.
Reference to the “equipment rental agreement” in the case at bar shows that the arrangement between appellee and McLellan & Randle was in the nature of a rent-purchase agreement rather than a mere rental as in Shuptrine, supra. This contract provides, in part: “Lessee is granted option to purchase machine at any time with ail rentals paid less six per cent simple interest on unpaid balance, to apply toward purchase price.” Moreover, it does not appear that the tractor was obtained due to a need not anticipated by the terms of the project contract; indeed the construction contract by its terms contemplated slope work for which this basic equipment was needed. Further, the evidence indicates without contradiction that the minimum life use of the tractor was not less than five years.
Appellant correctly contends that this Court in Euclid-Mississippi v. Western Casualty & Surety Company, 249 Miss. 779, 163 So.2d 904 (1965), has construed highway bonds so as to deny recovery thereunder to those furnishing equipment to contractors under circumstances similar to those involved in this appeal. The principal question in that case was “whether the surety is liable to a conditional vendor for the balance due by the contractor-vendee (or the rental, or depreciation plus cost of repairing after repossession) of expensive, heavy construction equipment used on the public work, but which upon completion would become part of the contractor’s permanent capital plant, and would serve other contracts as well.” Id. at 784, 163 So.2d at 905. The Court held that the surety was not so obligated under the Mississippi bond statute. After reviewing pertinent authorities in this and other jurisdictions, including Shuptrine, supra, the Court concluded.
In summary, the practically universal rule followed by the courts, under statutes somewhat similar to Mississippi Code section 8041, is that the surety is not liable to a conditional vendor for the balance due by the contractor-vendee on expensive, heavy construction equipment which will not be substantially used on the bonded project, but which upon completion will become part of the contractor’s permanent capital plant, and will serve other contracts as well. Section 8041 covers “labor, material, equipment and supplies therefor", namely, equipment for the bonded project.
To allow recovery on a bond for purchased equipment which is not substantially consumed on the job would include capital investments by the contractor in his basic plant. The items here are long lived, with a useful life expectancy of ten years or more. A contractor who had to rent such equipment for several thousand dollars a month would not be able to compete in the market. If he survived, the excessive cost would be passed on to the public agency, to the detriment of the public interest, i Certainly a contractor could not secure a performance bond without demonstrating that he owned in substantial part the plant and equipment required to do the work. Accordingly rental of such equipment is confined generally to emergencies, or supplemental units or specialized items which are not used for long periods of time in the contractor’s regular *635 plant. Allowing rental of equipment under these circumstances, as in Shuptrine, is entirely different from imposing liability for a contractor’s capital investments in his basic plant. * * *
The dividing line between allowable and nonallowable categories under section 8041 may have to be closely drawn in many instances. However, in the present case the tractor and five scrapers were not substantially consumed on the projects in Covington and Forrest counties, but they constituted expensive, long-lived additions to Brown’s capital plant. The balance due on the purchase price is not “equipment” for the project in question for which the surety is liable. The same reasons and conclusions apply to appellant’s alternative contentions of liability for rental or depreciation on the projects. Brown purchased this equipment. He did not rent it, and even if he had, the stahite would not apply to these items under the present facts. (Emphasis added.) Id. at 789-791, 163 So.2d at 908-909.
As mentioned, the arrangement between the appellant and Carter Equipment Company for the tractor and attachments was not a forthright rental as in Shuptrine, supra, but was rather a rent-purchase agreement calculated to induce purchase of the equipment. We note also that the tractor was not substantially consumed by the project, as its useful life expectancy was greatly in excess of this particular contract. From these facts as related to the decision of Euclid, supra, we are of the opinion the lower court erred in holding the surety liable on its bond for the rental purchase payments on the tractor as Mississippi Code 1942 Annotated section 8041 (1956) covers “labor, material, equipment and supplies therefor” meaning the bonded project and not’ long-lived equipment reasonably anticipated to be necessary for the fulfillment of the road contract at hand and capable with its life expectancy of many other similar projects.
The above being dispositive of the suit, we do not reach the assignment of error as to payment.
Reversed and rendered.
GILLESPIE, P. J., and INZER, SMITH, and ROBERTSON, JJ., concur.