## CINCINNATI QUARRIES CO. v. HESS, Aud. et.

Ohio Appeals, 1st Dist., Hamilton Co.

No. 2933. Decided Dec. 19, 1927.

First Publication of This Opinion.

Syllabus by Editorial Staff.

755. MECHANICS' LIENS.

1. Claim for rental and moving of concrete mixer, used on job, will not support lien under mechanics' lien law. Character of claim not changed by fact that operator for mixer was furnished.

2. Where lien is not filed within required four months, and claimant's right to share depends upon 8325 and 8328 GC., fact that lien was on file, during entire 10 days, brings him within protection of statute. Not necessary to go through form of withdrawing and refiling.

Appeal from Common Pleas.
Findings Approved.

Nichols, Morrill, Stewart & Ginter, Cincinnati, for Quarries Co.
Chas. P. Taft, Pros. Atty., Cincinnati, for Hess, Aud.
Dolle, O'Donnell, Giesler & Cash, Cincinnati, for Henkel.
Bettman, Riesenberg, Cohen & Steltenpohl, Cincinnati, for Receiver of Welling and Franz.

STATEMENT OF FACTS.

The question grew out of a contract between one Gran and the County Commissioners, for the improvement of Red Bank Avenue, and concerns the validity and priority of claims, and the validity of judgments and liens, on the funds due from the County, for the payment of the work and materials furnished.

The controversy here is between the Receiver of Welling and Franz, who claims a lien for the rental and moving of a concrete mixer, used on the work, The Cincinnati Quarries Company, the plaintiff, which claims a lien for material furnished, and August Henkel, as Assignee of the claim of The Cincinnati Builders' Supply Co., whose claim is for materials furnished.

HAMILTON, PJ.

"The validity of the lien of the Receiver of Welling and Franz is determined by the case of Royal Ind. Co. v. The Day & Maddock Co., 114 OS. 58.

In arriving at the decision, the Supreme Court necessarily determined the question as to whether or not the rental for the concrete mixer was within the term "material and labor," and decided that it was not material and labor, but was to be classed as "appliances" or "equipment," and cites, with approval, 5 Words and Phrases, pg. 4410, to the effect that "implements" are not materials for which a lien will lie.

It is argued that Welling and Franz furnished an operator for the mixer, and this fact would require a different rule. But this fact does not change the character of the claim. The claim is for the rental of a concrete mixer and the cost of moving the same, and not for human labor furnished by them.

Our conclusion is that the claim comes within the rule pronounced by the Supreme Court in the case of Royal Ind. Co. v. The Day & Maddock Co., supra, and, on authority of that case, the claim of the Receiver of Welling and Franz is held invalid, and is disallowed.

The other question in the case concerns the lien of Henkel, Assignee of the claim of The Cincinnati Builders' Supply Co. It appears that Henkel, Assignee, filed his statement for mechanic's lien on May 11, 1922. The last item furnished by The Cincinnati Builders' Supply Co. was on Nov. 7, 1921. Henkel's lien was not filed within the required four months.

It further appears that The Cincinnati Quarries Company filed a lien on May 12, 1922, which was within four months of the furnishing of the last material by it.

Henkel's right to share depends upon the construction of, and the rights secured under sections 8325 and 8328 GC. These sections protect a lien holder who has filed a lien after the expiration of four months, by giving him the right to intervene, where a sworn statement of notice has been filed with the owner, board, or officer, by other claimants "before the next subsequent payment under the contract or within ten days thereafter."

It is claimed by the Quarries Company that the fact that Henkel's lien was on file during the ten days did not entitle him to the pro rata payment, provided for in Section 8328.

We are of opinion that the fact that Henkel's lien was on file during the whole of the ten days, would bring him within the protection of the statute, and that it was not necessary to go through the form of withdrawing and refiling.

We, therefore, hold that August Henkel, Assignee of the claim of The Cincinnati Builders' Supply Co., is entitled to share pro rata with the other contractors and material men in the apportionment of the funds in question."

(Mills and Cushing, JJ., concur.)