LINDE AIR PRODUCTS Co. *et al. v.* AMERICAN SURETY Co.

(Division A.  Jan. 29, 1934.  Suggestion of Error Overruled Feb. 26, 1934.)

[152 So. 292.  No. 30984.]

Howie & Howie, of Jackson, for appellants.

**Flowers, Brown & Hester,** of Jackson, for appellee.

Argued orally by **W. B. Fontaine** and **J. H. Howie**, for appellant, and by **Clyde Hester**, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

This is a proceeding in chancery by several complainants on a contractor's surety bond to recover for material

and equipment furnished the contractor for use in carrying out his contract. The contract was for the construction of a gas pipe line from Jackson to Hattiesburg. The bond contains a number of conditions, among which is "that if the said contractor shall pay all persons, firms and corporations who perform labor or furnish equipment, supplies and materials for use in the work under the contract . . . this obligation shall be void; otherwise to remain in full force and effect." The court below awarded a recovery on the bond for supplies and materials furnished the contractor that went into or were consumed in the construction of the pipe line, but refused a recovery for repairs to, and new parts for, the contractor's equipment, and for new equipment furnished the contractor with which to do the work for which he had contracted.

The services rendered and materials furnished the contractor for which a recovery was not allowed were not such as the mechanic's lien statute award a lien therefor on the pipe line when constructed, or in any way obligates the owner of the pipe line to pay therefor. Were the word "equipment" not in the bond, it would not, under prior decisions of this court, cover these disputed items.

The appellee's contentions are: First, that the bond is a statutory substitute for a mechanic's and materialman's lien, and therefore covers only such supplies and materials as are within such a lien; if mistaken in this, second, that under the statute the bond, however worded, covers only labor and such material as goes into the construction of the work contracted for, or is consumed therein; and, if mistaken in this, third, that the word "equipment" as used in the bond does not cover tools, machinery, etc., used by the contractor in the performance of work contracted for.

The statute involved is section 2276, Code 1930, which provides that:

"When any contractor or subcontractor entering into

a formal contract with any person, firm or corporation, for the construction of any building or work or the doing of any repairs, shall enter into a bond with such person, firm or corporation guaranteeing the faithful performance of such contract and containing such provisions and penalties as the parties thereto may insert therein, such bond shall also be subject to the additional obligations that such contractor or subcontractor, shall promptly make payments to all persons furnishing labor or material under said contract; and in the event such bond does not contain any such provisions for the payment of the claims of persons furnishing labor or material under said contract, such bond shall nevertheless inure to the benefit of such person furnishing labor or material under said contract, the same as if such stipulation had been incorporated in said bond; and any such person who has furnished labor or materials used therein; for which payment has not been made, shall have the right to intervene and be made a party to any action instituted on such bond, and to have his rights adjudicated in such action and judgment rendered thereon, subject, however, to the priority of the rights or claim for damages or otherwise, of the obligee.''

■ The bond referred to in this statute does affect, under section 2275, Code 1930, the right of laborers and materialmen to resort to the mechanic's lien statute, its obligation, however, is not determined by this statute, but by the conditions of the bond itself.

■ The statute does not limit the obligation of the bond to the payment for labor and material furnished the contractor, but permits the parties thereto to insert therein ''such provisions and penalties'' as they may desire, and further provides that whether inserted therein or not, one of its obligations shall be payment for labor and material furnished the contractor.

■ The final contention of the appellee is that the word ''equipment'' ''was used because certain of the items in-

volved in the construction of the pipe line, used in the work of constructing the pipe line, might not be covered by the word 'materials,' '' and means ''equipment and supplies used in the pipe line itself, as a part thereof.'' The word was unnecessary for that purpose, because under prior decisions of this court all material of every character that enters into the construction of a pipe line, either permanently or temporarily, is covered by the words ''supplies and materials.'' The word ''equipment,'' therefore, must be given its usual and ordinary meaning, which is, the outfit, i. e., tools, machinery, implements, appliances, etc., necessary to enable one to do the work in which he is engaged. Landau v. Sykes, 98 Miss. 495, 54 So. 3, Ann. Cas. 1913 B, 197. Three things were necessary to enable the contractor to do this work: first, labor; second, a sufficient outfit of tools, implements, and machinery with which to do the work; and, third, material to go into the construction of the pipe line, or which would be necessarily consumed in the construction thereof. All three of these elements are specifically and separately enumerated in and covered by the bond. Shuptrine v. Jackson Equipment & Service Company (Miss.), 150 So. 795.

The items rejected by the court below were for necessary repairs to the contractor's equipment and for the purchase of new tools and machinery necessary to enable the contractor to do the work contracted for; therefore, they were within the obligation of the bond. That some of the machinery would outlive the construction of the pipe line is here of no consequence. It may be, as to which we express no opinion, that unnecessarily expensive and long lived machinery would not be within the bond's obligation, but we are not presented with that question here, it not appearing that the machinery purchased was of that character.

The decree of the court below will be reversed and de-

cree will be rendered here for appellants for the items of their accounts allowed and disallowed by the court below.

So ordered.