HARTFORD ACCIDENT & INDEMNITY CO. *v.* HEWES.

(Division B.   Jan. 18, 1943.)

[11 So. (2d) 309.   No. 35190.]

Butler & Snow, of Jackson, for appellant.

**Lotterhos, Travis & Dunn,** of Jackson, for appellees.

Argued orally by **Geo. Butler,** for appellant, and by **Vardaman S. Dunn,** for appellee.

**Alexander, J.,** delivered the opinion of the court.

This is the second appearance of this suit in this court. The facts are fully set forth in the former appeal. 190 Miss. 225, 199 So. 93, 772. It is sufficient to repeat here only that the suit was originally brought by Hewes against appellant who was surety upon the performance bond of a subcontractor to recover premiums upon certain

liability policies written for such subcontractor. It was there held that the contract between the principal contractor and the subcontractor required that the latter "carry" such insurance but that neither such contract nor the performance bond furnished by appellant created an obligation upon the surety to "pay" for same.

In the former appeal, the cause was remanded so as to allow Hewes to amend his declaration if he should be so advised. The present action involves a substantial amendment of the original cause and is stated in three counts. The first count is based upon equitable principles and the right of appellee is asserted by him as an equitable assignee of the principal contractor who had found it necessary to incur liability for the premiums here sued for in order to guarantee the timely and successful execution of both the principal and the subcontract. Hartford Acc. & Ind. Co. v. Hewes, supra, 190 Miss. at page 234, 199 So. 93, 772. The second count is grounded upon an alleged modification of the subcontract whereby the subcontractor agreed with the principal contractor not only to carry but to pay for such liability insurance. The right of Hewes is here alleged to be that of a third party beneficiary. The third count is based upon an alleged agreement between the two contractors that the subcontractor would not only pay Hewes for the liability insurance but would appropriate funds from monthly earnings or estimates under the subcontract to this end; that such agreement and appropriation constituted an equitable assignment for the benefit of Hewes. The first and third counts provoked involved defenses, a discussion of whose ramifications would unduly extend this opinion; and putting aside any discussion of the merit of Hewes' claims under these counts, we shall consider only the case as made by count two. Since the jury found for Hewes on each of the three counts, an affirmance of the judgment will be justified if a case is made out under any.

Doubtless under the informative disclosures of the former appeal, Hewes amended his declaration by count

two so as to show that by a due modification of the subcontract, the subcontractor became obligated to pay the premiums to him, and that the performance bond executed by appellant became likewise liable. At the outset, we must construe the performance bond not as providing indemnity against loss but against liability. If, therefore, the alleged modification of the subcontract is found to be legally established, and since the subcontractor has not paid the premiums and is unable to do so, the liability of appellant would be clear.

The bond executed by appellant to cover performance of the subcontract contains the following provision: "Now, Therefore, if the Principal shall well and truly perform and fulfill all the undertakings, covenants, terms, conditions and agreements of said contract during the original term of said contract and any extensions thereof that may be granted by the Contractor with or without notice to the Surety and during the life of any guaranty required under the contract, and shall also well and truly perform and fulfill all the undertakings, covenants, terms, conditions and agreements of any and all duly authorized modifications of said contract that may hereafter be made, notice of which modifications to the Surety being hereby waived, then this obligation to be void; otherwise to remain in full force and virtue." It is argued that a modification which added an obligation to pay for the liability insurance was not contemplated by the quoted provision but that the term employed was intended merely to apply to minor alterations in specifications or such details as did not increase the obligation of the surety. We do not see that this agreement was so substantial an enlargement of the existing obligation of the subcontractor as to create an unreasonable or inappropriate modification. Moreover, it was greatly to the interest of appellant that there be compliance with the terms of the subcontract for whose performance it had become surety. The carrying of liability insurance was

a requirement of the subcontract and the payment therefor was a prerequisite to its being carried, so that in default of payment the appellant became liable under its performance bond to the execution and performance of the subcontract. Under the circumstances, the appellant had at stake a liability more onerous than the mere payment of the premiums. The core about which the modification was cast was the ultimate performance of the contract.

Appellant challenges the validity of the oral modification as being without consideration and in violation of the statute of frauds. Code 1930, Sec. 3343. The jury was warranted in finding that the subcontractor was unable to procure the insurance upon its own credit; that appellant was apprised of this impasse; that the principal contractors agreed to procure the insurance for the subcontractor at the request of the latter, which was done upon an agreement between them that the premiums would be promptly paid. A special arrangement was entered into whereby through joint consent and action of both, such payment could be and was to be effected. Such an arrangement was not an obligation of the original contract and involved substantial mutual benefits, not only to the parties to the modified agreement but also to appellant. There was no absence of consideration. In considering the applicability of the statute of frauds, emphasis is not to be laid upon the alleged promise of the principal contractor to guarantee the payment of premiums to Hewes, but rather upon the agreement of the subcontractor to pay them. He was binding himself to answer in a special manner for his own debt. As to the liability vel non of the principal contractor to Hewes or the rights of appellant and the principal contractor inter sese we are not now concerned.

We notice only one other contention of appellant under count two. The modification agreement was made between one of the joint principal contractors, Shuptrine,

and the subcontractor. Yet the principal contract was made by and in the name of Pigford Brothers and Shuptrine Construction Company, both partnerships, jointly and they are designated as "Principal" in the several bonds and as "Contractor" in the several contracts. There is no merit in the contention that the modification agreement was made otherwise than with authority and for the benefit of the joint contractors. We hold therefore that the modification created an obligation on the part of the subcontractor to pay the premiums to Hewes and whether or not Hewes is a third party beneficiary under general contract law, the agreement that he should be paid became an obligation of appellant under its performance bond. It is unnecessary therefore to discuss the other counts of the amended declaration with their interesting but complex notices and counter notices, nor other applicable assignments which have been examined and found without substantial merit.

Affirmed.