WATTS *v*. WESTERN CAS. & SURETY CO.

Division B.    Dec. 4, 1950.

No. 37641   (49 So. (2d) 255)

Chester L. Sumners and Brewer & Brewer, for appellant.

Stovall & Smith, for appellee.

Holmes, C.

This suit involves the question of the right to recover of the surety on a contractor's bond rent and freight on a dragline and light plant used by the contractor in dredging and improving a ditch and canal in the Elam Creek Drainage District in Alcorn County.

The suit was brought by the appellant against R. F. Green and The Western Casualty and Surety Company, the latter being the appellee here. The original declaration alleged that R. F. Green entered into a contract with D. Mercier, Clayton Briggs, and J. H. Brooks, as a committee representing the property owners in the Elam Creek Drainage District, for the dredging and improvement of the drainage ditch and canal, and

entered into bond with appellee as surety for the faithful performance of the contract, which bond, it is alleged, was executed under the provisions of Section 374 of the Mississippi Code of 1942. A copy of the bond was exhibited to the declaration, from which it appears that the obligees named therein are "D. Mercier, Clayton Briggs, and J. H. Brooks, as committee representing certain property owners in Elam Creek Drainage District of Alcorn County, Miss., of Corinth, Miss." It was further alleged that the dragline and light plant were material used, and necessary to be used, in carrying out the contract, and were material furnished in construction work, for which the plaintiff below was entitled to a lien, and that such lien was protected and guaranteed under the aforesaid bond. It was further alleged that appellee had become liable to appellant under said bond for the rent and freight on the dragline and light plant, and judgment was demanded accordingly against both the contractor, Green, and the surety, The Western Casualty and Surety Company.

A demurrer of appellee to the declaration was sustained on the ground that the declaration failed to state a cause of action. Appellant, then, with the permission of the court, filed an amended declaration, which was in all respects the same as the original declaration, except that it was alleged that the contract with R. F. Green for the dredging and improvement of the drainage ditch and canal was entered into with the Elam Creek Drainage District, through D. Mercier, Clayton Briggs, and J. H. Brooks, as a committee for such purpose, and that the aforesaid bond was furnished under the provisions of Section 9014 of the Mississippi Code of 1942. Appellee demurred to the amended declaration, and its demurrer was sustained on the ground that the amended declaration stated no cause of action, and the suit was dismissed as to appellee. Green having failed to answer after due process was served upon him, judgment by default was rendered against him. The appeal here is

from the judgment of the court sustaining the demurrer of the Western Casualty and Surety Company, and dismissing the suit as to it.

The condition of the obligation of the bond executed by appellee, and on which this suit is predicated is as follows: "Now, Therefore, the condition of this obligation is such that if the principal shall indemnify the obligee against loss or damage directly caused by the failure of the principal to faithfully perform the said contract, then this obligation shall be null and void; otherwise remain in full force and effect."

It may be stated in the outset that no facts are alleged in the declaration to show that appellant had any lien for his claim, and therefore his right of recovery must be measured by the terms of the bond itself, or by the terms of the bond as affected by controlling statutes.

It is manifest that the bond itself, unaffected by controlling statutes, is merely an indemnity bond indemnifying the obligee against loss or damage resulting from the failure of the principal to faithfully perform the contract, and that no liability thereunder arises for labor, material, equipment, and supplies furnished in the work of construction, and hence there arises no liability for rental and freight on equipment such as the dragline and light plant in question. This leads us to a consideration of the question as to whether or not rental and freight on equipment are within the coverage of the bond as affected by any applicable statutes. The statutes necessary to be considered in this connection are Sections 374, 8041, and 9014, of the Mississippi Code of 1942.

The pertinent provisions of Section 374 are as follows: "When any contractor or subcontractor entering into a formal contract with any person, firm or corporation, for the construction of any building or work or the doing of any repairs, shall enter into a bond with such person, firm or corporation guaranteeing the faithful performance of such contract and containing such provisions and

penalties as the parties thereto may insert therein, such bond shall also be subject to the additional obligations that such contractor or subcontractor, shall promptly make payments to all persons furnishing labor or material under said contract; and in the event such bond does not contain any such provisions for the payment of the claims of persons furnishing labor or material under said contract, such bond shall nevertheless inure to the benefit of such person furnishing labor or material under said contract, the same as if such stipulation had been incorporated in said bond; . . .''.

Section 8041 is applicable only to contracts with the State Highway Commission for highway construction, and pertinent provisions thereof with reference to the requirement of bond of the contractor are as follows: ''. . . all bonds to be payable to the state of Mississippi and to be conditioned for the prompt, faithful and efficient performance of the contract according to plans and specifications, and for the prompt payment of all persons furnishing labor, material, equipment and supplies therefor; . . ..''

The pertinent provisions of Section 9014 are as follows: ''Any person entering into a formal contract with this state, any county thereof, municipality therein, or any political subdivision whatsoever, therein, for the construction of any building or work or the doing of repairs, shall be required before commencing same to execute the usual bond, with good and sufficient sureties, with the additional obligation that such contractor or contractors shall promptly make payments to all persons supplying labor or material therefor; . . ..''

Section 8041 has application only to contracts with the State Highway Commission, and therefore has no application to the case at bar. If either Section 374 or Section 9014 be applicable to the case at bar, then the provisions thereof will be deemed to have been written

into the bond here in question. Hartford Accident & Indemnity Co. v. Natchez Investment Co., 161 Miss. 198, 132 So. 535, 135 So. 497; Commercial Bank of Magee v. Evans, 145 Miss. 643, 112 So. 482.

While it is contended by appellee that the bond here in question is not within the provisions of either Section 374 or Section 9014, because the construction of a new drainage ditch is not such work as comes within the contemplation of Section 374, and because the contract is between individuals and not within the contemplation of Section 9014, yet if it be assumed that either of said sections is applicable, the appellant would not be entitled to recover unless the rent and freight on the dragline and light plant are to be construed as labor and material furnished in the work of construction. Both Sections 374 and 9014 extend the coverage of the bond to labor and material only, and therefore whether the bond in question comes within either of said sections the same result would follow. That rental and freight on equipment are not within the coverage of the bond as affected by either of these two sections has been definitely decided by this Court in the case of McElrath & Rogers v. W. G. Kimmons & Sons, 146 Miss. 775, 112 So. 164, 680.

Appellant relies upon the case of Shuptrine v. Jackson Equipment & Service Co., 168 Miss. 464, 150 So. 795, but this case has no application here for the reason that it involved a contract with the State Highway Commission and a bond given under the provisions of Section 8041, requiring that the bond insure the payment of claims for labor, material, supplies, and equipment.

▉▉ We are accordingly of the opinion that the trial court was correct in sustaining appellee's demurrer to the declaration and dismissing the suit of the appellant, and the judgment of the court below is therefore affirmed.

Affirmed.

## PER CURIAM.

The above opinion is adopted as the opinion of the Court, and for the reasons therein indicated the case is affirmed.

**Ethridge, C.,** took no part in the consideration or decision of this case.