WESTERN CAS. & SUR. CO. *v.* STEVENS, et al.

Nov. 2, 1953

No. 38900          41 Adv. S. 40          67 So. 2d 510

*Vardaman S. Dunn,* Jackson, for appellant.

628

*Satterfield, Ewing, Williams & Shell; Watkins, Edwards & Ludlam* and *James L. Spencer,* Jackson, for appellees.

ARRINGTON, J.

Charles M. Stevens, doing business as Stevens Roofing and Sheet Metal Contractor, brought this suit against Arthur Horne and The Western Casualty and Surety Company for labor and materials furnished in the construction of a building in the amount of $268.15. Plumbing Wholesale Company intervened and sued for "two blow-off basins" furnished in the amount of $1,021.82. The cause was heard by the circuit court sitting without a jury, who entered judgment for the plaintiffs, from which judgments the Western Casualty and Surety Company appeals.

The facts briefly stated are as follows: On May 6, 1948, Arthur Horne entered into a contract with the State Building Commission to perform mechanical work for Mississippi Schools for the Blind and Deaf, in the amount of $279,051.00. The Western Casualty and Surety Company became surety on the performance bond. On March 10, 1950, the Building Commission terminated Horne's contract and notified the surety. The record discloses that the surety company, under the provisions of its bond, elected to assume completion of the contract and entered into a contract with Davis Plumbing Company for this purpose, under the supervision of Mr. A. E. Fisher. On March 30, 1950, Horne ordered through Plumbing Wholesale Company two "blow-off basins" at a cost of $1,021.82. It is admitted that on May 12, 1950, and May 16, 1950, the Plumbing Wholesale Company delivered the "blow-off basins" to "the project site and they were received by Davis Plumbing Company and installed in the project."

The appellant admits that the appeal against Charles M. Stevens, doing business as Stevens Roofing and Sheet Metal Contractor, is not well taken. As to the appellee, Plumbing Wholesale Company, the appellant contends: "This is a statutory proceeding as for materials furnished a contractor on a construction project. The items were furnished to Horne and invoiced to him, but he was not, at the time of the sale or delivery, the contractor on the job, and the surety is not, therefore, liable. Mere delivery to and use in the completion is not enough."

██ ██ There is no merit in appellant's contention. The items were neither furnished Horne, nor used by him, but on the contrary were delivered to, accepted and used in the building by Davis Plumbing Company, for which the surety became liable.

Section 9014, Miss. Code of 1942, provides as follows: "Bond must be given for pay of labor and materials. . . . Any person entering into a formal contract with this state, any county thereof, municipality therein, or any political subdivision whatsoever, therein, for the construction of any building or work or the doing of repairs, shall be required before commencing same to execute the usual bond, with good and sufficient sureties, with the additional obligation that such contractor or contractors shall promptly make payments to all persons supplying labor or material therefor; and any person who has furnished labor or materials used therein and wherefor payment has not been made, shall have the right to intervene and be made a party to any action instituted on such bond, and to have their rights adjudicated in such action and judgment rendered thereon, subject, however, to the priority of the claim and judgment of the obligee . . ."

In Alabama Marble Co. v. United States Fidelity and Guaranty Co., et al., 146 Miss. 414, 111 So. 573, the Court held that ██ ██ the bond of the contractor under Chap. 217, Laws of 1918 (Sec. 9014, Miss. Code of 1942),

". . . requires that all laborers and materialmen must be paid for the labor and materials that go into the construction of the public buildings, regardless of whether they are remote materialmen, or whether they have furnished the materials directly to the principal contractor; . . ."

Affirmed.

*Roberds, P. J.*, and *Lee, Holmes*, and *Ethridge, JJ.*, concur.