H. F. Vann Nieuwenhuyze & Sons Const. Co. *v.* Irby

No. 40625 January 13, 1958 99 So. 2d 651

*Wall Doxey, Jr.,* Holly Springs, for appellants.

*Smith & Hurdle,* Holly Springs, for appellee.

McGehee, C. J.

The appellee, Ray Irby, doing business as Irby Plumbing Company, sued the appellants, H. F. Vann Nieuwenhuyze & Sons Construction Company and the National Surety Corporation on their performance and payment bond, executed in connection with certain housing projects, for labor furnished by Irby under a public contract entered into by the Housing Authority of the City of Holly Springs, Mississippi, with the appellant Construction Company for the construction of low cost housing projects, and which bond of the contractor had been given under Section 9014, Miss. Code of 1942 Annotated.

A part of the work was subject to the Thompson Plumbing Company, and which said subcontractor employed Ray Irby, doing business as Irby Plumbing Company, to do certain ditching with his own machine for the laying of water, gas and sewer pipes in the City of Holly Springs. The suit involves a balance alleged to be due the said Ray Irby for work in digging ditches with his own machinery at the instance of the Thompson Plumbing Company, at 25¢ for each lineal foot of ditches dug, the original price for such digging amounting to $1,165.50, and on which the sum of $300 had been paid.

The suit for the balance claimed by Ray Irby to be due him for the said work was brought by the Housing Authority of the City of Holly Springs, Mississippi, for the use of Irby, and the suit was tried before the circuit judge without a jury by agreement of the parties, and with the result that a judgment was rendered in favor of the plaintiff Irby for the sum of $865.50 principal and $206.79 interest, aggregating $1,072.29 on August 29, 1956, and the appellants have prosecuted this appeal from the said judgment.

 ██ The suit was defended mainly on the ground that the Thompson Plumbing Company was the subcontractor for doing the work in question and that the said Thompson Plumbing Company had employed the appellee to do the $1,165.50 worth of ditching, and that

there was no contractual relation between the said appellee and the principal contractor, and that the appellee therefore looked to, and had the right to look only to, the Thompson Plumbing Company for the sum alleged to be due him.

It is further contended by the appellants that the sum claimed to be due the appellee is for the use of his ditching machine in the performance of the work, and that the amount claimed should properly be termed as rental for the machine of the appellee, and that the same is not covered by the performance bond given by the appellants.

However, the performance and payment bond entered into by the principal contractor and the surety company in the sum of $399,500, by its very terms protects "all persons doing work or furnishing skill, tools, machinery, supplies, or materials under or for the purpose of the contract" in carrying out the work under the two housing projects, and the bond obligates the obligors therein to "promptly pay all just claims * * * for all work done, or skill, tools, machinery, supplies, labor and materials furnished * * *"

Moreover, the performance and payment bond further provides that the bond shall be "for the use of the Housing Authority of the City of Holly Springs, Mississippi and all persons doing work or furnishing skill, tools, machinery or materials under or for the purposes of the contract * * *" There is nothing in the pleadings, agreed statement of facts or other proof to support the contention that the appellee's claim was for rental on machinery rather than for labor.

The performance and payment bond executed by the appellants is covered by the provisions of Section 9014, Code of 1942 Annotated, and under the decision of the case of Oliver Construction Company v. Dancy, 137 Miss. 474, 102 So. 568, the principal contractor is liable to make payments "to all persons supplying labor or material

therefor''; and then any person who has furnished labor or materials used in the performance of the work is entitled to recover on such bond. In the case of Oliver Construction Company v. Dancy, supra, the Court also said: "The subcontractors were acting for and in the place of the Oliver Construction Company, and the laborers and materialmen had the right, under the contract and the bond, to look to the Construction Company and the Surety Company for payment for the services and material furnished in the event that the subcontractors, the agents who took the shoes of the Oliver Construction Company, failed to pay appellees for the labor and material furnished." And the Court further said: "The Oliver Construction Company and its surety could not escape this obligation to pay for labor and material by subletting the work * * * because the subcontractor was, under the contracting bond, acting for the original contractor in performing the contract, and all laborers and materialmen had the right to look for payment to the original contractor, the principal in the bond, and the Surety Company on the bond." See also the following cases: Alabama Marble Company v. U. S. F. & G. Company, 146 Miss. 414, 111 So. 573; Stowell v. Clark, 152 Miss. 32, 118 So. 370; Linde Air Products Company v. American Surety Company, 168 Miss. 877, 152 So. 292; Western Casualty and Surety Company v. Stevens, 218 Miss. 627, 67 So. 2d 510; and Seaboard Surety Company v. Bosarge, 226 Miss. 482, 84 So. 2d 517.

 This is not a suit to recover for material and equipment furnished in performance of a contract but is for labor done with a machine. Therefore the cases of McElrath, et al. v. Kimmons & Sons, 146 Miss. 775, 112 So. 164, and Watts v. Western Casualty & Surety Company, 210 Miss. 211, 49 So. 2d 255, do not control in the instant case.

We are unable to see the distinction between a laborer digging a ditch at so much per lineal foot with his own

shovel and in digging one with his own ditching machine, such as would make the laborer entitled to pay for his labor in the first instance and only be entitled to rental of machinery in the second instance. In both cases he would be supplying the labor for the digging of the ditch for laying the water, gas and sewerage lines which was a part of the work contracted to be done for the Housing Authority under the original contract let to the appellant principal contractor, and we think that the appellee Ray Irby was protected by the performance and payment bond, both under the terms of the bond and under the decisions of this Court applying the statute involved.

The judgment appealed from must therefore be affirmed.

Affirmed.

*Hall, Kyle, Arrington* and *Gillespie, JJ.,* concur.