THE WESTERN CASUALTY & SURETY COMPANY *v.* STRIBLING BROS. MACHINERY Co., et al.

No. 42254 April 16, 1962 139 So. 2d 838

*Cox, Dunn & Clark,* Jackson, for appellants.

*Butler, Snow, O'Mara, Stevens & Cannada, George H. Butler, Roger C. Landrum,* Jackson; *Henry & Barbour, Herman B. Decell,* Yazoo City, for appellees, Stribling Bros. Machinery Company, et al.

*Wise, Smith & Carter, W. Swan Yerger,* Jackson, for appellees, Southern States Equipment Company, Inc., et al.

*Carter & Mitchell, Sam E. Scott,* Jackson, for appellees, Cecil W. Thigpen, et al.

*John C. Sullivan,* Jackson, for appellee, Equipment Inc.

*Lipscomb & Barksdale,* Jackson, for appellee, Capital Welding & Supply Company.

*Creekmore & Beacham,* Jackson, for appellee, Southern Equipment & Tractor Company.

*F. Kent Stribling,* Jackson, for appellee, Turner Supply Company.

GILLESPIE, J.

The contractor, P. & W. Inc., entered into a contract with the owner, United Gas Pipeline Company, for the construction of new natural gas pipelines and the removal of old lines in Jones County, Mississippi, and in Mobile County, Alabama.

Article I of said contract provides, in part, as follows:

"Contractor agrees at its own sole cost and expense to perform all of the labor and services, to furnish such materials as Owner may require, as hereinafter set out, and to furnish all the tools and equipment necessary to complete in a good, substantial, workmanlike and approved manner and in accordance with the terms, conditions and provisions of this Contract and of the instructions, orders and directions of the Engineer made in accordance with this Contract, the following work, towit: . . . . .

"B-18 LIENS. If a lien or claim be filed or made by any subcontractor or materialmen or any other person, the Contractor shall notify the Owner immediately and unless otherwise directed by the Owner shall cause the same to be discharged of record within thirty days after the filing thereof."

To guarantee a faithful performance, the contractor was required to furnish and did furnish a performance bond with appellant, Western Casualty & Surety Company, as surety thereon. The conditions of the said performance bond are as follows:

"THE CONDITION OF THIS OBLIGATION IS SUCH that if the said Contractor shall fully complete the work, as provided in the Contract, free from all liens and claims of any kind whatsoever, and in all other particulars shall faithfully and fully perform the Contract on its part according to all the terms, covenants, and conditions thereof, and within the time specified therein, then this obligation shall be void; otherwise to remain in full force and effect."

The contract was made a part of the bond by reference. The contractor failed to complete the contract and the work was taken over and completed by the owner who commenced this action against appellant, as surety on the performance bond, for losses alleged to have been sustained in the amount of $23,674.12, plus interest. Notice was published under the provisions of Section 376, Mississippi Code of 1942, relating to actions on bonds in this State, and thereafter the several appellees filed intervening petitions as third party claimants. The claims of appellees consist of equipment rental, repairs to equipment, gas and oil and repair parts, and transportation of equipment, and part of these items were incurred in connection with the Jones County, Mississippi, part of the contract and part in connection with the Mobile County, Alabama, part of the contract.

These proceedings originated in the circuit court but were thereafter transferred to the chancery court. Appellant, Western Casualty & Surety Company, filed demurrers to the claims of the several appellees, which were overruled. The chancellor thereupon allowed an interlocutory appeal to settle the principles involved.

The questions presented are (1) whether the surety

company is liable under its private contract performance bond for equipment rental, repairs, and transportation of equipment, and (2) whether the Mississippi or the Alabama law governs that part of the contract performed in the State of Alabama.

Under Section 374, Mississippi Code of 1942, a private contract performance bond guarantees the payment of labor and materials regardless of whether such provisions are written into the bond. Otherwise, Code Section 374 does not apply to a private contract performance bond.

Appellees rely strongly on Seaboard Surety Co. v. Bosarge, 226 Miss. 482, 84 So. 2d 517, and to some extent on Linde Air Products Co. v. American Surety Company, 168 Miss. 877, 152 So. 292. In the Bosarge case the bond specifically referred to "tools and equipment to complete the erection of 185 defense housing units. . . . ." This Court held that the surety on the performance bond was liable for fuel and repairs furnished the obligor for the operation of certain vehicles used in fulfilling the contract. The Court reasoned that fuel and repairs were a necessary complement to the vehicles and were within the full contemplation of both the obligor and its surety, and were therefore covered by the bond. The Linde Air Products Company case is not in point. The condition of the bond in that case contained provisions requiring the payment of all persons furnishing equipment, supplies and materials for use in the work under the contract.

 █ Appellant relies on a number of cases including Hartford Accident & Indemnity Company v. Hewes, 190 Miss. 225, 199 So. 93 (the first appearance of that case in this Court); U. S. F. & G. Company v. Yazoo County, 145 Miss. 378, 110 So. 780; McElrath and Rogers v. W. G. Kimmons & Sons, 146 Miss. 775, 112 So. 164, and Watts v. Western Casualty & Surety Company, 210 Miss. 211, 49 So. 2d 255. Appellant concedes

that it is difficult, if not impossible, to reconcile the Bosarge case with the Hewes case and the other cases cited above. The difficulty in attempting to reconcile these cases arises largely from the different conditions contained in the surety bonds involved in these cases. All such performance bonds protect and indemnify the named obligee, in this case the United Gas Pipeline Company. Under the provisions of Code Section 374, laborers and materialmen are protected regardless of the conditions of the bond. We are of the opinion that the rule is and should be as follows: Other than persons furnishing labor or materials, in order for a third person to recover on a private contract performance bond it must appear (1) that the terms of the contract are expressly broad enough to include the third party either by name or as one of a specified class, and (2) the said third party was evidently within the intent of the terms so used, and (3) that the obligee had, in fact, a substantial and articulate interest in the welfare of the said third party in respect to the subject of the contract. Hartford Indemnity & Insurance Co. v. Hewes, 190 Miss. 225, 199 So. 93, and A. L. I., Restatement of the Law of Security, Sections 165 and 166.

The material inquiry in surety contracts in connection with construction enterprise is whether there is a purpose to benefit someone in addition to the one for whom the construction is being done. Where there is no promise on the part of the surety to pay the liabilities of the contractor, and where the surety has not excluded a liability to pay them, the surety contract can be interpreted in terms of right, or lack of right. A. L I. Restatement of the Law of Security, Section 166. Where the surety only guarantees the contractor's promise to complete a construction project free and clear of all liens and claims, there is no right in third parties because there is no indicated purpose to benefit them. The promise that the contractor will

furnish an item does not of itself amount to a promise to pay for the item. The rule is illustrated by contrasting two of our cases: In Linde Air Products Co. v. American Surety Company, supra, the condition of the bond was "that if the said contractor shall pay all persons, firms, and corporations who . . . . furnish equipment . . . for use in the work under the contract." The Court held that the surety was liable for the purchase of new tools and machinery necessary to enable the contractor to do the work under the contract. In that case the obligation of the surety was clearly one for the benefit of third persons furnishing equipment in addition to the obligation in favor of the one for whom the construction was being done. On the other hand, in the Hewes case, 190 Miss. 225, 199 So. 93, the surety on the subcontractor's bond guaranteed the faithful performance of the subcontract which required the subcontractor to carry public and employer's liability insurance; and the Court held that the surety was not liable for the premium on such insurance. After an amendment under which it was shown the obligation "to pay" the premium for such insurance, the surety was held liable therefor. 193 Miss. 850, 11 So. 2d 309.

The contract in the case at bar under the paragraph entitled "B-18 LIENS" indicates that the obligee, United Gas Pipeline Company, is interested in being protected against liens or claims of record. The condition of the bond to the effect that the work provided in the contract shall be completed free from all liens and claims of any kind whatsoever is to the same effect. We do not construe the contract and bond as expressly including appellees either by name or as members of specified classes of persons to be protected by the performance bond, except as to those claimants having claims for repairs to equipment. In the Bosarge case, this Court did not follow the general rule that contractors' performance bonds do not usually cover labor and materials

expended in the repair of the contractor's or sub-contractor's machinery, tools and equipment.

There is no substantial difference between the terms of the bond and contract in the case at bar and the terms of the contract and bond in the Bosarge case.

We therefore hold that the surety in this case is not liable for the claims based on equipment rental or transportation of equipment. Under the authority of the Bosarge case the surety is liable for gas and oil and ordinary, necessary repairs to the equipment used in the performance of the contract.

The next question is whether the law of Mississippi or Alabama applies to that part of the work done in the State of Alabama. The contract was made in Mississippi and it was to be partly performed in this State. We hold the Mississippi law governs the construction of the entire contract. 15 C.J.S., Conflict of Laws, Section 11, page 889.

For the reasons stated, the case is reversed in part and remanded to the lower court for further proceedings consistent with this opinion.

Reversed in part and remanded.

*McGehee, C. J.,* and *Kyle, McElroy* and *Jones, JJ.,* concur.