**J. W. CARRUTH, d/b/a Carruth Contracting Company, Appellant,**

v.

**STANDARD ACCIDENT INSURANCE CO. et al., Appellees.**

No. 20622.

United States Court of Appeals Fifth Circuit.

April 1, 1964.

Rehearing Denied May 11, 1964.

A. Morgan Brian, Jr., New Orleans, La., William S. Henley, Jackson, Miss., Deutsch, Kerrigan & Stiles, New Orleans, La., Christopher Tompkins, New Orleans, La., of counsel, for appellant.

Vardaman S. Dunn, Roger C. Landrum, Jackson, Miss., Bruce C. Aultman, Hattiesburg, Miss., Simrall, Aultman & Pope, Hattiesburg, Miss., Butler, Snow O'Mara, Stevens & Cannada, Cox, Dunn & Clark, and George H. Butler, Jackson, Miss., for appellees.

Before HUTCHESON and BELL, Circuit Judges, and BREWSTER, District Judge.

GRIFFIN B. BELL, Circuit Judge.

Carruth, a subcontractor, sued to recover for unpaid rentals of heavy equipment he supplied to Taylor-Wheless Company, a partnership, for use in the performance of certain earthwork on a construction job. The suit was brought against Taylor-Wheless, and five surety companies securing a conventional or private payment bond given by Taylor-Wheless to the prime contractor. The District Court granted the motion of the sureties to dismiss as to them on the basis that the language of the bond was not broad enough to cover equipment rentals. Final judgment was entered dismissing the sureties and this appeal followed.

The job giving rise to this dispute was an Atomic Energy Commission project near Portsmouth, Ohio on which Peter Kiewit Sons' Company was the government's prime contractor. The job was covered by the Miller Act, 40 U.S.C.A. §§ 270a et seq., and Kiewit furnished the government the statutory payment and performance bonds required thereby. Neither the prime nor its Miller Act bonds are here involved.

One of Kiewit's subcontractors was defendant Taylor-Wheless Company. Their subcontract was executed at Kiewit's location in Ohio, where the work was to be performed, with the exception that one of the two partners executed the contract

in Mississippi, where the partnership was principally located.

Although the Miller Act does not require that subcontractors on covered jobs give bonds to their primes, Kiewit required Taylor-Wheless to bond their subcontract and a $3,990,718.00 performance bond and a $1,596,287.20 payment bond to Kiewit was thereafter executed. Each of these bonds was secured by the same five surety companies, appellees here, Standard Accident Insurance Company, North American Casualty & Surety Reinsurance Corporation, National Surety Corporation, The Aetna Casualty & Surety Company, and Maryland Casualty Company.

We are concerned only with the payment bond. It purports to have been executed in Mississippi by Taylor-Wheless and Standard, in Michigan by North American, and in Tennessee by National, Aetna, and Maryland. It was thereafter delivered to and accepted by Kiewit in Ohio. In pertinent part it provides as follows:

> " * * * the parties hereto agree that this undertaking shall be for the use and benefit of all creditors having just claims incurred by the Principal [Taylor-Wheless] for labor performed upon and for materials or services furnished for the work specified in said subcontract, whether lienable or otherwise, and this bond may be sued upon by them as if executed to them in proper person, as well as for the Obligee. If the Principal shall promptly make payment to all persons supplying labor and material in the prosecution of the work provided for in said subcontract * * * then this obligation to be void; otherwise to remain in full force and virtue."

Taylor-Wheless, in turn, subcontracted some of its work to Carruth who rented a substantial amount of heavy, earth-moving machinery and equipment, moved it to the Ohio site, and commenced performance of the work under his subcontract. Subsequent difficulties between these parties resulted in Taylor-Wheless taking over the equipment and completing Carruth's work. The claim for unpaid rentals arises out of this takeover and the subsequent use of the equipment.

The instant suit was filed by Carruth after Taylor-Wheless refused to pay Carruth sums due as rentals on the equipment. Defendant sureties contended in the District Court that the issue of their liability depended on whether the payment bond covered equipment rentals. The District Court agreed with the sureties that it did not and dismissed the suit as to them.[1]

The reasoning of the District Court in dismissing was that the payment bond in question was private or conventional, as distinguished from statutory, and that the parties were therefore at liberty to make the bond as broad or as narrow as they pleased and to have it cover anything they specified. Since the parties did not write the bond to expressly cover equipment rentals, it was necessary to interpret the language which was used to determine whether it included rentals. Holding that either the law of Ohio or Mississippi applied, and that under each the rule is that rentals under a private payment bond are not recoverable unless specifically provided, the court concluded that the language used did not cover such rentals. The predicate of the court was that the bond, although first referring to "services furnished" in addition to "labor" and "materials" as being included, was nevertheless limited by the more important second sentence which does not repeat "services" but refers only to "labor and materials", thereby making "services" merely an equivalent of "labor" and not a broadening term which could be said to contemplate "rentals." See quoted language from bond, supra.

One Ohio case and one Mississippi case, Royal Indemnity Co. v. Day & Maddock

---

1. The dismissal and final judgment in favor of the sureties leaves Carruth's suit pending as against Taylor-Wheless. Further proceedings have been stayed pending the outcome of this appeal.

Co., 1926, 114 Ohio St. 58, 150 N.E. 426, 44 A.L.R. 374; and Western Casualty & Surety Co. v. Stribling Bros. Mach. Co., 1962, 244 Miss. 12, 139 So.2d 838, were cited by the District Court for the proposition that equipment rentals are not recoverable under a private bond unless specifically included.

The question we have for decision is whether the District Court erred in holding that the bond did not cover rentals due on the equipment furnished by Carruth to Taylor-Wheless where it was used in performing the work of the bonded job.

▆ As a starting point we look to the law of Ohio for we deem it to be applicable. The contract was made in Ohio with the exception of one partner in Taylor-Wheless executing it in Mississippi, and it was to be performed in Ohio. We take the conflicts of law rule in a diversity case from the state of the forum. Klaxton Co. v. Stentor Elec. Mfg. Co., 1941, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477; Edward E. Morgan Co. v. United States, 5 Cir., 1962, 230 F.2d 896. And while it does not appear that the courts of Mississippi have decided this precise point, we think the case of Interstate Life & Accident Co. v. Pannell, 1934, 169 Miss. 50, 152 So. 635, is of value as a guide to what the courts of that state would hold. There the policy of insurance sued upon was written in Tennessee by a Tennessee company for a Tennessee resident but suit was brought by the beneficiary in Mississippi. The court said that the substantive law of Tennessee and the procedural law of Mississippi governed. On the other hand, in Western Casualty & Surety Co. v. Stribling Bros. Mach. Co., supra, the Mississippi Supreme Court applied the substantive law of Mississippi to questions regarding work done in Alabama under a contract made in Mississippi and

to be also partly performed in Mississippi. The general rule as noted in Edward E. Morgan Co., supra, is that a contract made in one state to be wholly performed in another is to be governed by the law of the place of performance. That was the case here.

Turning then to the Ohio law, we first examine Royal Indemnity Co. v. Day & Maddock Co., supra. The statutory bond there involved provided payment for all labor performed and materials furnished. The court held this coverage insufficient to include payment for equipment rentals. See also Cincinnati Quarries Co. v. Hess, 1927, 28 Ohio App. 340, 162 N.E. 686, to the same effect. No Ohio decision has been called to our attention, nor have we found one, construing language in either a private or statutory bond, in terms, as here, of not only labor and materials but of "services furnished" and of labor and materials supplied "in the prosecution of the work" of the contract to determine if equipment rentals are covered.

The answer not being forthcoming then under the Ohio law, we look to the law of Mississippi. Interstate Life & Accident Co. v. Pannel, supra. The District Court relied on Western Casualty & Surety Co. v. Stribling Bros. Mach. Co., supra, as the Mississippi authority precluding appellant. That case involved a private performance bond which, by virtue of statute, § 374, Miss.Code of 1942, guaranteed payment for labor and materials regardless of whether such provisions were written in the bond. The question was whether this language included payment for equipment rentals and the court answered no.[2]

The Mississippi Supreme Court there distinguished its case of Linde Air Products Co. v. American Surety Company, 1934, 168 Miss. 877, 152 So. 292, which involved a private payment bond covering labor performed and equipment,

2. This authority was more recently followed in Great American Insurance Co. v. Busby, Sup.Ct., Miss., 1963, 150 So.2d 131. The Mississippi statute on highway contractor's bonds expressly includes equipment as well as labor, materials and supplies. § 8041, Miss.Code of 1942. This has been construed to include equipment rentals. Shuptrue v. Jackson Equipment & Service Co., 1933, 168 Miss. 464, 150 So. 795.

supplies and materials furnished for use in the work under contract. The word "equipment" was held to include tools and machinery necessary to enable the contractor to do the work of the contract. This case made it clear that the parties were free to include language covering equipment rentals or other provisions over and above the statutory minimum. See also Seaboard Surety Co. v. Bosarge, 1956, 226 Miss. 482, 84 So.2d 517 in this same regard.

From what we have said it is clear that labor and materials do not include such rentals. There is no mention of "equipment" in the language of the bond, but "services furnished" are included, and we next examine the meaning of this language. In line with the teaching of the Linde Air Products case that the word "equipment" must be given its ordinary and usual meaning, we look to the ordinary and usual meaning of "services" and of "services furnished."

We have found no statement or definition under either Ohio or Mississippi law of these terms but we think the meaning adopted by the Supreme Court of South Carolina, taken from Webster, is proper:

"Any result of useful labor which does not produce a tangible commodity. In economics, such business concerns as railroads, telephone companies, or laundries, and such persons as physicians, are regarded as performing services." Fennell v. South Carolina Tax Commission, 1958, 233 S.C. 43, 103 S.E.2d 424.

This, of course, connotes that fees of architects, engineers, lawyers and the like are included. The only case on the subject appears to be Beals v. Fidelity & Deposit Co., 1902, 76 App.Div. 526, 78 N.Y.S. 584, which holds that a bond covering "all materials used and services rendered in the execution of" a contract did not include tools and appliances employed in doing the work in question and which survived its performance.

We conclude that equipment rentals are not embraced in the ordinary concept of "services" or "services rendered."

Lastly, the bond provides payment for labor and material supplied "in the prosecution of the work" of the contract. Appellant urges that this is the language of the Miller Act, supra, and its predecessor statute, and that it has been uniformly construed to include equipment rentals. This is the fact. Illinois Surety Co. v. John Davis Co., 1917, 244 U.S. 376, 37 S.Ct. 614, 61 L.Ed. 1206; United States v. National Surety Corp., 5 Cir., 1959, 268 F.2d 610; and Massachusetts Bonding & Ins. Co. v. United States, 5 Cir., 1937, 88 F.2d 388. But this inclusion or interpretation is reached by giving the statute a liberal construction to effect its purposes. What we are faced with is the language of a private bond, not a statutory bond; and interpretation according to the Ohio or Mississippi law.

The Ohio statute under construction in Royal Indemnity Co. v. Day & Maddock Co., supra, provided bond coverage for persons performing labor or furnishing materials "in the construction, erection, alteration or repair" of a building. This language is no less broad than that of "in the prosecution of the work." The same is true as to the Mississippi statute under construction in the Western Casualty case which provided coverage for persons furnishing labor or materials "under said contract." Nevertheless, in each instance, it was construed as not including equipment rentals.

There the matter must end. Appellant did not make the contract. He is entitled to protection under it only if covered. He must take it as he found it, and our view, like that of the District Court, is that the language is insufficient in scope to include equipment rentals under the appertaining law.

Judgment affirmed.