ARNOLD'S OF MISSISSIPPI, INC. *v.* CLANCY, et al.

No. 43270          January 25, 1965          171 So. 2d 152

*Creekmore, Beacham & Newman,* Jackson, for appellant.

*Julian P. Alexander, Morse & Morse, Wise, Smith & Carter,* Jackson, for appellees.

616

GILLESPIE, J.

Appellant, Arnold's of Mississippi, Inc., a Mississippi Corporation, filed its declaration in the county court seeking recovery of damages from appellees on account of the alleged breach by them of a certain lease agreement. Demurrers were sustained and the cause was dismissed. Plaintiff appealed to the circuit court where the judgment of the county court was affirmed, then appealed to this Court.

Appellee Clancy owned a certain building in the City of Jackson and on September 17, 1959, entered into a written five-year lease for a portion of said building with Arnold's, Inc., a Tennessee corporation, domiciled at Little Rock, Arkansas. Thereafter, appellees Guillot and Mart Boat Center, Inc., acquired title to the property. The declaration charged that Arnold's, Inc., paid the rental on said property to appellees but the funds belonged to Arnold's of Mississippi, Inc., appellant. The declaration alleges: That appellant, Arnold's of Mississippi, Inc., actually occupied the building and that this was known to the agent of appellees who handled the leasing of the premises and collection of the rent; that the lease was taken in the name of Arnold's, Inc. a Tennessee Corporation, as a matter of convenience, and Arnold's, Inc., and Arnold's of Mississippi, Inc.,

are corporations whose stock is held by the same persons and have the same directors and officers residing in Little Rock, Arkansas, where the books are kept for both corporations.

The declaration further alleges that by reason of the failure of appellees to keep the building in proper repair as required by said lease, appellant was required to vacate the premises on the first day of October 1962, and suffered damages by reason of the failure of appellees to perform its obligations under said lease contract. The lease in question, a copy of which was made an exhibit to the declaration, provided that the lessee could not sublet the premises except with the written consent of the lessor. It is not charged that any consent was requested by or given to Arnold's, Inc., the lessee. There is no explanation in the pleadings why there was no assignment or request for permission to assign the lease from Arnold's Inc., to Arnold's of Mississippi, Inc.

Appellant contends that it can maintain this suit under either or both of two theories: (1) That Arnold's of Mississippi, Inc., is a third party beneficiary of the lease contract, and (2) that the lease contract was entered into between appellee Clancy and Arnold's of Mississippi, Inc., through its agent, Arnold's, Inc., a Tennessee corporation.

We first consider the contention that appellant is a third party beneficiary. This Court has consistently held that in order for a third party to be entitled to the benefits of a contract made between two other persons it must appear (1) that the terms of the contract are expressly broad enough to include the third party either by name or as one of a specified class, and (2) the said third party was evidently within the intent of the terms so used, the said third party will be within its benefits, if (3) the promisee had, in fact, a substantial and articulate interest in the welfare of

the said third party in respect to the subject of the contract. Western Casualty & Surety Co. v. Stribling Bros., 244 Miss. 12, 139 So. 2d 838 (1962); Yazoo & M.V. R. Co. v. Sideboard, 161 Miss. 4, 133 So. 669 (1931).

■■ The lease involved in this case is devoid of any provision indicating that appellant was a beneficiary. It is a contract between two named parties, a lessor and a lessee, with mutual promises and obligations without any indication that any third party was in the contemplation of the parties. The declaration charges that it was made for the benefit of appellant, but that is not the test. We hold that appellant was not entitled to maintain the action on the theory that it was a third party beneficiary.

In the alternative, appellant contends that Arnold's, Inc., the Tennessee Corporation, made the lease, solely as a matter of convenience, for and on behalf of and as agent for Arnold's of Mississippi, Inc., appellant, with knowledge and consent of appellee Clancy's agent, and that the real party in interest as lessee therein was appellant, Arnold's of Mississippi, Inc. In short, the declaration alleges, and appellant contends, that the lessee was Arnold's of Mississippi, Inc.

■■ The lease contract is exhibited to the declaration, and when an exhibit is at variance with the allegations of the declaration, the exhibit controls. The lease designates Arnold's, Inc., of Little Rock, Arkansas, as the lessee, and consists of fourteen separate paragraphs. It provides for numerous obligations and rights of the parties. Paragraph 9 provides: ''The Lessee shall have the right to sublet the premises only with the written consent of the Lessor, which consent, however, shall not be unreasonably withheld; but in case of such subletting the Lessee shall remain fully liable for the performance of all the terms and conditions of this lease.''

■■ The rule allowing an undisclosed principal to sue on a contract made by his agent does not apply

where the specific terms of the contract or the circumstances under which it is made, excludes liability to an undisclosed principal or where the contract involves elements of personal trust and confidence as a consideration moving from the agent. 3 Am. Jur. 2d *Agency* § 322, 323 (1963). The rule allowing the undisclosed principal to sue has been most frequently applied to simple contracts for the purchase or sale of property.

█ █ The lease is not a simple contract. The provision that Arnold's, Inc., could not sublet the premises except with the consent of the lessor, is an express exclusion of liability to any other lessee than Arnold's, Inc., unless lessor consents to the subletting of the property. Lessor has a right to elect the person with whom he will deal. There are elements of confidence other than credit involved in leasing property. It is important in many ways for a landlord to know the party who is to be his tenant, especially when the lease extends for a period of years.

The allegations of the declaration concerning agency are contradicted by the terms of the written contract.

We have carefully considered the cases relied upon by appellant and none, in our opinion, require or justify a reversal of this case.

Affirmed.

*Kyle, P. J., and Ethridge, Rodgers and Patterson, JJ.,* concur.