JONES, Justice.
St. Joseph’s Catholic Church of the Diocese of Natchez-Jackson, by proper authorities, contracted with Greenville Lumber Company, Inc., to construct an elementary school and convent in Washington County.
The contractor gave a labor and material payment bond in favor of the church, signed by the original contractor, as principal, and St. Paul Fire and Marine Insurance Company, Surety.
A few days later the contractor entered into a written agreement with Noel Wynne to furnish all labor and materials for electrical work in said buildings. While this contract, in the caption, showed “Ace Electric Company” as the subcontractor, it was signed “Sub-contractor, Noel Wynne.”
The original contract and the bond were executed April 4, 1964. The subcontract was signed and dated April 8, 1964. The subcontractor was to be paid $15,000 with provision for additions and deductions for changes. Within one year after completion of the buildings, Graybar Electric Com *83 pany, Inc., appellant, filed suit in the Circuit Court of Washington County against the bonding company, heretofore named, the principal contractor above named, Ace Electrical Contractors, Inc., Noel Wynne d/b/a Ace Electrical Contractors, and the Bishop of the Diocese of Natchez-Jackson, as trustee, etc.
Appellant alleged it had sold to the subcontractor electrical materials and equipment, actually delivered and installed in said building, on which materials and equipment there was then due and unpaid the sum of $8,797.09, plus interest at six percent per annum from December 1, 1964.
There were attached, as exhibits to the declaration, a copy of the bond aforesaid and a statement of the total of each invoice, plus the total of all invoices, aggregating the amount aforesaid and bearing on its face a notation, “above inv. to my knowledge are correct (signed) Noel Wynne.” There were also attached to the declaration copies of the various invoices showing in detail and with itemization the items purchased and an affidavit of its correctness. But an affidavit was filed by the lumber company denying its correctness. We need not discuss this, since the account was proved by appellant on the trial through its own personnel, and by Noel Wynne, who made no answer nor defense but who testified. Further, during argument before this Court, counsel was asked if there was any question as to the account and as to whether the materials went into the buildings, and the answer was no.
The defendants, other than Wynne, answered. Greenville Lumber Company answered, claiming: (1) Payment before notice of claim by five checks to the subcontractor Wynne, the last on November 23, 1964; (2) No breach of the bond; and, (3) Payment by Wynne to appellant.
There was no evidence to support the third defense.
At the conclusion of the evidence, the jury, by direction of the court, found:
(1) For appellant against Wynne individually and Ace Electrical Contractors, Inc., for $8,797.09, with 6% interest from December 3, 1964;
(2) For appellant against Greenville Lumber Company, Inc., for $342.16 with interest as above. (For extras admitted by the lumber company to be due by it.)
(3) In favor of the bonding company, and the bishop.
There is no appeal as to the bishop, or Wynne, nor by the lumber company.
Appellant assigns as error the failure of the lower court to grant it a peremptory instruction against the bonding company and the lumber company, and in directing verdicts as heretofore shown.
Perhaps the case may best be understood by discussing those points argued by appel-lees to sustain the verdicts and judgment.
It is first said that the bond does not inure to the benefit of appellant, a ma-terialman supplying a subcontractor.
There are cases decided by this Court holding that, under the wording of the bonds there involved, a supplier of a subcontractor could not recover. Flowever, the wording of this bond makes them inapplicable.
It is said in 17 Am.Jur.2d Contractors’ Bonds section 18 (1964) :
“In accordance with the principles discussed in the preceding sections, the courts generally sustain the right of a person furnishing labor or materials to recover on a private building contractor’s bond naming the owner of the property as obligee, conditioned that the contractor shall pay all claims for labor and materials or that he shall pay laborers and materialmen. A fortiori, where a private contractor’s bond conditioned for the payment of such persons or that they may sue thereon, the general rule permitting a recovery on a contract by a third party for whose benefit the contractor is in *84 tended clearly permits a recovery on the bond by a laborer or materialman. * * * »
Our Court in Western Casualty & Surety Co. v. Stribling Bros. Machinery Co., 244 Miss. 12, 139 So.2d 838 (1962) stated:
“ * * * We are of the opinion that the rule is and should be as follows: Other than persons furnishing labor or materials, in order for a third person to recover on a private contract performance bond it must appear (1) that the terms of the contract are expressly broad enough to include the third party either by name or as one of a specified class, and (2) the said third party was evidently within the intent of the terms so used, and (3) that the obligee had, in fact, a substantial and articulate interest in the welfare of the said third party in respect to the subject of the contract. Hartford Accident & Indemnity Co. v. Hewes, 190 Miss. 225, 199 So. 93, [772,] and A.L.I., Restatement of the Law of Security, Sections 165 and 166.
“The material inquiry in surety contracts in connection with construction enterprise is whether there is a purpose to benefit someone in addition to the one for whom the construction is being done. * * * ” 244 Miss, at 23, 139 So.2d at 840-841.
The contract here provided:
GREENVILLE LUMBER COMPANY, INC.
Box 5155, Greenville, Mississippi, as Principal, hereinafter called Principal, and ST. PAUL FIRE AND MARINE INSURANCE COMPANY, a corporation organized under the laws of the State of Minnesota, as Surety, hereinafter called Surety, are held and firmly bound unto St. Joseph’s Catholic Church, Diocese of Natchez-Jackson as Obligee, hereinafter called Owner, for the use and benefit of claimants as hereinbelow defined, * * *.
NOW, THEREFORE, THE CONDITION OF THIS OBLIGATION is such that if the Principal shall promptly make payment to all claimants as hereinafter defined, for all labor and material used or reasonably required for use in the per- ■ formance of the Contract, then this obligation shall be void; otherwise it shall remain in full force and effect, subject, however, to the following conditions:
(1) A claimant is defined as one having a direct contract with the Principal or with a sub-contractor of the Principal for labor, material, or both, used or reasonably required for use in the performance of the contract, labor and material being construed to include that part of water, gas, power, light, heat, oil, gasoline, telephone service or rental of equipment directly applicable to the Contract.
(2) The above named Principal and Surety hereby jointly and severally agree with the Owner that every claimant as herein defined, who has not been paid in full before the expiration of a period of ninety (90) days after the date on which the last of such claimant’s work or labor was done or performed, or materials were furnished by such claimant, may sue on this bond for the use of such claimant, prosecute the suit to final judgment for such sum or sums as may be justly due claimant, and have execution thereon. The Owner shall not be liable for the payment of any costs or expenses of any such suit.
(3) No suit or action shall be commenced hereunder by any claimant, a) Unless claimant, other than one having a direct contract with the Principal, shall have given written notice to any two of the following: The Principal, The Owner, or the Surety above named, within ninety (90) days after such claimant did or performed the last of the work or labor, or furnished the last of the materials for which said *85 claim is made, stating with substantial accuracy the amount claimed and the name of the party to whom the materials were furnished, or for whom the work or labor was done or performed. Such notice shall be served by mailing the same by registered mail or certified mail, postage prepaid, in an envelope addressed to the Principal, Owner or Surety, at any place where an office is regularly maintained for -.the transaction of busines, or served in .any manner in which legal process may "be served in the state in which the .aforesaid project is located, save that ■such service need not be made by a ■public officer. * * *
(4) The amount of this bond shall be ■reduced by and to the extent of any ■payment or payments made in good faith hereunder, inclusive of the payment by Surety of mechanics’ liens •which may be filed of record against .■said improvement, whether or not •claim for the amount of such lien be ■presented under and against this bond.
It is clear that this wording meets the requirements of Western Casualty & Surety, supra, and independently thereof, the bond shows it was intended to and did inure to the benefit of those who supplied a subcontractor.
The notice provided by the bond was given by appellant by registered mail on December 3, 1964, to Greenville Lumber •Company, the bonding company, and the owner. Receipts therefor were signed De■cember 4, 1964.
The record is clear that the last item ■furnished by appellant to the job was with-in ninety days of the giving of the notice.
Appellee, Greenville Lumber Company, • contends that it paid the subcontractor in full before receipt of the notice. This argument would omit from consideration the ■ provision of the bond signed by said lumber company allowing claimants ninety days .after delivery of last item to give notice.
Noel Wynne, according to all the proof, operated one business, in one place, under different names, and all the businesses had one bank account. Since there is no question as to the materials going into the building and since the contractor failed to allow appellant the ninety days given by the bond within which to give notice, these other questions become immaterial. If the bond had not been breached by failing to allow the ninety days, the contractor would have been in position to honor the notice.
The case is reversed and judgment entered here in favor of appellant against the bonding company and Greenville Lumber Company for $8,797.09, with interest thereon at the rate of six percent per annum from December 3, 1964, until paid.
Reversed and judgment entered here for appellant against St. Paul Fire and Marine Insurance Company, a Minnesota corporation, and Greenville Lumber Company, Inc.
GILLESPIE, P. J., and BRADY, INZER and ROBERTSON, JJ., concur.